UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUEVOURA FUND LTD., On Behalf of Itself and
All Others Similarly Situated,

                              Plaintiff,

         v.

ROBERT F.X. SILLERMAN, D. GEOFFREY
ARMSTRONG, JOHN MILLER, MICHAEL JOHN
MEYER, and SFX ENTERTAINMENT, INC.,

                          Defendants.

Case No. 1:15-cv-07192-CM

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS D. GEOFFREY ARMSTRONG, JOHN MILLER AND MICHAEL JOHN MEYER'S MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

**KAYE SCHOLER LLP**

250 West 55th Street
New York, New York 10019
Telephone: (212) 836-8000
Facsimile:  (212) 836-8689

*Attorneys for D. Geoffrey Armstrong,*
*John Miller and Michael John Meyer*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL BACKGROUND ............................................................................... 2

A.   The Company Forms a Special Committee ...................................................... 2

B.   The Special Committee Recommends that the Company Approve the Merger
     Agreement ............................................................................................ 3

C.   The CAC Does Not Allege That The Outside Directors Made Any Other
     Misstatements ........................................................................................ 3

ARGUMENT ................................................................................................ 4

    I.   PLAINTIFF FAILS TO PLEAD A SECTION 10(b) CLAIM AGAINST
          THE OUTSIDE DIRECTORS ............................................................... 4

        A.   Plaintiff Does Not Allege That the Outside Directors Made a
               Misrepresentation or Omission of Material Information ........................... 4

        B.   Plaintiff Does Not Adequately Plead That The Outside Directors
               Acted With Scienter ................................................................... 8

    II.  THE CAC FAILS TO PLEAD A CLAIM FOR SECTION 20(a)
          LIABILITY AGAINST THE OUTSIDE DIRECTORS ..................................... 10

CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart,*
    845 A.2d 1040 (Del. 2004) .................................................................................9

*Beck v. Mfrs. Hanover Trust Co.,*
    820 F.2d 46 (2d Cir. 1987).................................................................................9

*City of Westland Police & Fire Retire. Sys. v. MetLife, Inc.,*
    __ F. Supp. 3d __, 2015 WL 5311196 (S.D.N.Y. Sept. 11, 2015) ...........................6

*Dura Pharm., Inc. v. Broudo,*
    544 U.S. 336 (2005).........................................................................................4

*ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.,*
    553 F.3d 187 (2d Cir. 2009)...................................................................8, 9, 10

*In re Alstom Sec. Litig,*
    406 F. Supp. 2d 433 (S.D.N.Y. 2005)..............................................................11, 12

*In re Baan Co. Sec. Litig.,*
    103 F. Supp. 2d 1 (D.D.C. 2000) .......................................................................5

*In re J.P. Jeanneret Assocs.,*
    769 F. Supp. 2d 340 (S.D.N.Y. 2011) ...............................................................12

*In re Livent, Inc. Sec. Litig.,*
    78 F. Supp. 2d 194 (S.D.N.Y. 1999)..................................................................11

*In re Merrill Lynch Auction Rate Sec. Litig.,*
    886 F. Supp. 2d 340 (S.D.N.Y. 2012).................................................................7

*In re PHLCORP Sec. Tender Offer Litig.,*
    700 F. Supp. 1265 (S.D.N.Y. 1988)...................................................................8

*In re ShengdaTech, Inc. Sec. Litig.,*
    2014 WL 3928606 (S.D.N.Y. Aug. 10, 2014)......................................................12

*Jacobs v. Coopers & Lybrand, L.L.P.,*
    1999 WL 101772 (S.D.N.Y. Mar. 1, 1999) .......................................................11

*Janus Capital Group, Inc. v. First Derivative Traders,*
    564 U.S. __, 131 S. Ct. 2296 (2011)..................................................................5

Page(s)

*Kalnit v. Eichler,*
    264 F.3d 131 (2d Cir. 2001)...........................................................................9

*Kleinman v. Elan Corp., plc,*
    706 F.3d 145 (2d Cir. 2013)...........................................................................6

*Levy v. Maggiore,*
    48 F. Supp. 3d 428, 451 (E.D.N.Y. 2014) ....................................................5

*Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund,*
    __ U.S. __, 135 S.Ct. 1318 (2015)................................................................6

*One Commc'ns Corp. v. JP Morgan SBIC LLC,*
    381 F. App'x 75 (2d Cir. 2010) ...................................................................10

*Rich v. Maidstone Fin., Inc.,*
    2001 WL 286757 (S.D.N.Y. Mar. 23, 2001) ................................................8

*Rombach v. Chang,*
    355 F.3d 164 (2d Cir. 2004)...........................................................................4

*Ross v. Lloyds Banking Grp., PLC,*
    2012 WL 4891759 (S.D.N.Y. Oct. 16, 2012), *aff'd*, 546 F. App'x 5 (2d Cir. 2013) ...........................................................................................................11

*Rothman v. Gregor,*
    220 F.3d 81 (2d Cir. 2000)............................................................................7

*Santa Fe Indus. v. Green,*
    430 U.S. 462 (1977).......................................................................................7

*SEC v. First Jersey Secs., Inc.,*
    101 F.3d 1450 (2d Cir.1996)........................................................................10

*Special Situations Fund III Qp, L.P. v. Deloitte Touche Tohmatsu CPA, LTD,*
    96 F. Supp. 3d 325 (S.D.N.Y. 2015)...........................................................12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007).......................................................................................8

*Wardrop v. Amway Asia Pac. Ltd.,*
    2001 WL 274067 (S.D.N.Y. Mar. 20, 2001) ................................................8

*Wisc. Inv. Bd. v. Bartlett,*
    No. C.A. 17727, 2000 WL 238026 (Del. Ch. Feb. 24, 2000)........................9

**Statutes**

15 U.S.C § 78u-4(b)(1)-(2) ....................................................................................4

Page(s)

**Rules**

Fed. R. Civ. Pro. 9(b) .................................................................................................4

Fed. R. Civ. Pro. 12(b)(6) ...........................................................................................1

D. Geoffrey Armstrong, John Miller and Michael John Meyer submit this memorandum of law in support of their motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Consolidated Amended Class Action Complaint ("CAC") filed by Guevoura Fund Ltd. ("Plaintiff").

## PRELIMINARY STATEMENT

This action arises out of an offer by Robert F.X. Sillerman ("Sillerman") to purchase all of the outstanding shares of SFX Entertainment, Inc. (the "Company") that he did not already own (the "Transaction"). The deal was ultimately not consummated. Defendants D. Geoffrey Armstrong, John Miller and Michael John Meyer (the "Outside Directors") are "non-management" members of the Board of Directors of the Company. Despite their lack of involvement in running the day-to-day affairs of the Company and their minimal involvement in the allegations surrounding the Transaction, Plaintiff nonetheless attempts to assert Securities Exchange Act Section 10(b) and Rule 10b-5 securities fraud claims against them, as well as Section 20(a) control person claims.

Plaintiff's pleading with respect to the Outside Directors is patently insufficient. The sole basis of Plaintiff's allegations against the Outside Directors is that (1) they served on a special committee of disinterested directors formed to evaluate the Transaction (the "Special Committee"), which (2) determined that the Transaction was fair and recommended to the Company's Board of Directors that they approve it. Plaintiff does not allege with the required particularity that any of the Outside Directors made a material misstatement or omission of material fact, or that they did so with scienter, with respect to the "recommendation" by the Special Committee to the Board of Directors. In addition, Plaintiff's control person claims fail to allege any of the three necessary elements required under Section 20(a): (1) a primary violation, (2) control of any primary violator by any of the Outside Directors, or (3) culpable participation

by any of the Outside Directors.  Indeed, the Outside Directors appear to have been named as defendants in this action simply by virtue of their status as members of the Special Committee. That is plainly insufficient to satisfy Plaintiff's heightened pleading burden for securities fraud claims, and the claims asserted against the Outside Directors should be dismissed.

## FACTUAL BACKGROUND

For purposes of this motion, the allegations in the CAC are taken as true. A brief description of the relevant allegations as to the Outside Directors follows.  A more detailed recital of the operative allegations is set forth in the memoranda of law submitted by Sillerman and the Company[1] in support of their motions to dismiss, which are incorporated here by reference.

### A.  The Company Forms a Special Committee

On March 11, 2015, the Company named D. Geoffrey Armstrong, John Miller and Michael John Meyer (the "Outside Directors") to serve on a Special Committee to independently evaluate an offer by Sillerman to purchase all of the outstanding shares of the Company that he did not already own.  (CAC ¶ 10).  The Outside Directors are all "non-management" members of the Company's Board of Directors and are not officers or employees of the Company.  (*See* CAC ¶¶ 10, 22-24.)  According to Plaintiff, the Outside Directors were selected to serve on the Special Committee by Sillerman and had "significant prior business relationships" with him.[2]  (CAC ¶

---

[1]     The Memorandum of Law in Support of Robert F.X. Sillerman's Motion to Dismiss the Consolidated Amended Class Action Complaint is referred to herein as the "Sillerman Br." and The Memorandum of Law in Support of SFX Entertainment, Inc.'s Motion to Dismiss the Amended Complaint is referred to herein as the "Company Br."

[2]     The CAC does not allege in a non-conclusory manner what these business relationships were, when they occurred, or whether and how they were material to the Outside Directors.  *See* CAC § 84.

12.)  The Company retained Moelis & Company LLC to serve as the Special Committee's

financial advisor and Steptoe & Johnson LLP to serve as the Special Committee's legal counsel.

*See* Company Br. Statement of Facts.

### B.   The Special Committee Recommends that the Company Approve the Merger Agreement

On May 26, 2015, the Company announced that it had signed a Merger Agreement

pursuant to which Sillerman would acquire all of the outstanding shares of the Company that he

did not already own.  (CAC ¶ 104.)  According to the Merger Agreement, the Special Committee

unanimously determined that the transaction was fair to the Company's shareholders and

recommended that the Board approve the Merger Agreement.  (CAC ¶ 114.)

### C.   The CAC Does Not Allege That The Outside Directors Made Any Other Misstatements

The only purported misrepresentation the CAC alleges the Outside Directors made is

their determination that the Transaction was fair and their recommendation that the Board

approve it.  (*See* CAC ¶ 114.)  The only other statement in the CAC attributed to the Outside

Directors is the Special Committee's announcement that it had received preliminary indications

of interest from parties interested in acquiring the Company, which the CAC does not allege was

false.  (*See* CAC ¶ 177.)  The CAC contains barely any additional allegations regarding the

Outside Directors, other than statements by Sillerman and the Company that the Special

Committee was engaged in ordinary negotiations concerning the Transaction.  (*E.g.*, CAC ¶ 124

(alleging that the Special Committee extended the "Go-Shop" period for 2 weeks).)  Indeed, the

CAC generally describes a routine sale process conducted by a properly constituted independent

Special Committee with the assistance of sophisticated third-party advisors.

## ARGUMENT[3]

### I.    PLAINTIFF FAILS TO PLEAD A SECTION 10(b) CLAIM AGAINST THE OUTSIDE DIRECTORS

In order to state a claim pursuant to Section 10(b) and Rule 10b-5, a plaintiff must allege: "(1) a material misrepresentation (or omission), (2) scienter, *i.e.*, a wrongful state of mind, (3) a connection with the purchase or sale of a security, (4) reliance . . . , (5) economic loss, and (6) 'loss causation,' *i.e.*, a causal connection between the material misrepresentation and the loss." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341-342 (2005). In addition, to satisfy Rule 9(b) and the heightened pleading requirement of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a plaintiff must further "state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b); 15 U.S.C § 78u-4(b)(1)-(2). As demonstrated below, Plaintiff fails to plead adequately that the Outside Directors made any misrepresentations or omissions of material fact and that the Outside Directors acted with scienter. For these reasons, Plaintiff's non-particularized Section 10(b) claim must be dismissed.

### A.    Plaintiff Does Not Allege That the Outside Directors Made a Misrepresentation or Omission of Material Information

Plaintiff's Section 10(b) claim fails at the threshold because the CAC fails to allege – let alone plead with the required particularity – that the Outside Directors made a false material misrepresentation or omitted to disclose material information in connection with Sillerman's offer to purchase the remaining shares of the Company. *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (plaintiff must "(1) specify the statements that [it] contends were fraudulent, (2)

---

[3]    In addition to the arguments set forth below, the Outside Directors adopt the arguments set forth by Sillerman and the Company in the memoranda in support of their motions to dismiss, which are incorporated here by reference.

identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.")

The CAC alleges only that the Outside Directors, acting as a Special Committee, made a single alleged false statement to investors – that they "unanimously determined that the transaction was fair to the Company's stockholders and unanimously recommended that the Board approve the Merger Agreement," which the CAC alleges was "false and misleading." (CAC ¶ 114.)    Because the CAC fails to allege that any particular Outside Director prepared any securities filing, made any public announcement, or otherwise disclosed any information to investors – as opposed to the Special Committee's alleged recommendation made "to the Board" – relevant to this action,[4] Plaintiff cannot meet its initial burden of demonstrating a false statement under the PSLRA. *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. __, 131 S. Ct. 2296, 2302 (2011) (Section 10(b) liability is limited to the "maker of a statement"); *Levy v. Maggiore*, 48 F. Supp. 3d 428, 451 (E.D.N.Y. 2014) (dismissing Section 10(b) claims against directors for failure to plead that they were the "maker of a statement"); *see also In re Baan Co. Sec. Litig.*, 103 F. Supp. 2d 1, 18 (D.D.C. 2000) (dismissing claims against outside directors based on alleged false statements contained, among other places, in Forms 20-F and 6-K because "plaintiffs have not alleged any specific facts illustrating the involvement of these defendants in the drafting, reviewing, or dissemination of [the company's] group published statements").

Even if the Special Committee's Board recommendation could give rise to primary Section 10(b) liability for each individual Outside Director – which it cannot – that

---

[4]    The only other statement in the CAC attributed to the Outside Directors is not alleged to be false or misleading.  (*See* CAC ¶ 177.)

recommendation constitutes a statement of opinion or subjective belief in the fairness of the Transaction. The Supreme Court recently made clear in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, __ U.S. __, 135 S.Ct. 1318 (2015) "that it is substantially more difficult for a securities plaintiff to allege adequately (or, ultimately, to prove) that a [statement of opinion] is false than it is to allege adequately (or prove) that a statement of pure fact is false." *City of Westland Police & Fire Retire. Sys. v. MetLife, Inc.*, __ F. Supp. 3d __, 2015 WL 5311196 at *10 (S.D.N.Y. Sept. 11, 2015) (citing *Omnicare*, 135 S.Ct. 1318). In order to plead a Section 10(b) claim based upon a statement of opinion – such as the Outside Directors' recommendation – a plaintiff must do more than allege that the opinion was false; it must also allege with particularity that the "speaker did not actually hold the stated belief." *Id.* at *11 (quotations omitted); *see also Kleinman v. Elan Corp., plc*, 706 F.3d 145, 153 (2d Cir. 2013) ("Subjective statements can be actionable only if the defendant's opinions were both false and not honestly believed when they were made.") (quotations omitted). The CAC does not contain a single allegation suggesting that the Outside Directors' recommendation was false or that they did not actually hold that belief, *i.e.*, that the Transaction was unfair to the Company's stockholders or the Outside Directors did not actually believe the Transaction was fair. Indeed, Plaintiff's own narrative suggests the opposite -- the Transaction would have been more than "fair" to the stockholders because the acquisition price allegedly offered a substantial premium above the actual value of the Company's shares. (*E.g.*, CAC ¶ 112 (alleging that the shares of the Company were worth less than the price offered).)

Plaintiff's attempt to cure this basic defect with the unsupported, conclusory allegation that the Outside Directors knew or recklessly disregarded that (1) the Transaction was a sham and that (2) Sillerman could not obtain financing fails because neither contention goes to the

issue of the Transaction's fairness from the perspective of the Company's stockholders. The CAC not only fails to identify any statement by the Outside Directors regarding the seriousness of Sillerman's offer or his ability to obtain financing, it lacks a single allegation supporting Plaintiff's claim that the Outside Directors had any knowledge of or recklessly disregarded those two so-called "facts." Furthermore, as explained in more detail by the Company and Sillerman, the CAC lacks any allegations even to support Plaintiff's claims that the Transaction was a "sham" or that Sillerman could not obtain financing. Company Br. Argument II.A.2; Sillerman Br. Argument II.A. Plaintiff fails to plead a misrepresentation by the Outside Directors in anything but conclusory fashion, which is fatal to its 10(b) claim. *See*, *e.g.*, *In re Merrill Lynch Auction Rate Sec. Litig.*, 886 F. Supp. 2d 340, 344 (S.D.N.Y. 2012) (dismissing 10b-5 claim against broker where "[p]laintiff speculate[d]"; presented allegations that were "entirely conclusory[]"; and "offer[ed] no concrete facts supporting" the allegation).

Even if Plaintiff pled with particularity that the Outside Directors' recommendation to the Board was a misstatement – which it did not – Plaintiff's claim would fail for an addition reason: it would amount to no more than a state law breach of fiduciary duty claim couched as a federal securities claim. While Plaintiff declined to allege it directly, the essence of its claim appears to be that the Outside Directors breached their fiduciary duties by incorrectly determining that the Transaction was "fair" – a claim commonly made in merger strike suits filed under state law. However, as the Supreme Court has made clear, an alleged breach of fiduciary duty resulting from corporate mismanagement cannot serve as the basis for a Section 10(b) claim. *Santa Fe Indus. v. Green*, 430 U.S. 462, 479 (1977) ("Congress by § 10(b) did not seek to regulate transactions which constitute no more than internal corporate mismanagement") (quotation omitted); *see also Rothman v. Gregor*, 220 F.3d 81, 90 (2d Cir. 2000) ("Generally,

poor business judgment is not actionable under section 10(b) and Rule 10b-5."). Accordingly, a fiduciary's determination that a tender offer is "fair" does not give rise to liability under the federal securities laws. *Wardrop v. Amway Asia Pac. Ltd.*, 2001 WL 274067 at *3-4 (S.D.N.Y. Mar. 20, 2001) (allegations that "presenting $ 18 per share as a fair offer was materially false and misleading" "fall outside the ambit of §[] 10(b)"); *see also In re PHLCORP Sec. Tender Offer Litig.*, 700 F. Supp. 1265, 1269 (S.D.N.Y. 1988) ("The allegation that defendants falsely characterized the tender offer price as fair . . . does not state a claim under § 14(e)."). Plaintiff's Section 10(b) claims against the Outside Directors, based solely on their determination that the Transaction was fair, sound in state fiduciary duty law – not in federal securities law – and should be dismissed.

**B.      Plaintiff Does Not Adequately Plead That The Outside Directors Acted With Scienter**

Under the PSLRA, Plaintiff must "state with particularity facts giving rise to a strong inference" that the defendant acted with scienter; that is, "a mental state embracing intent to deceive, manipulate, or defraud." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 321 (2007). Plaintiff may meet this high burden only by pleading particularized facts showing "either (1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009). The CAC is entirely devoid of allegations that the Outside Directors acted with scienter under either theory. Moreover, it improperly lumps all of the Outside Directors together without specifying what, if anything, each of them purportedly knew and how and when they learned it. *See Rich v. Maidstone Fin., Inc.*, 2001 WL 286757, at *6 (S.D.N.Y. Mar. 23, 2001) ("A

complaint may not simply clump defendants together in vague allegations to meet the pleading requirements.") (quotations omitted).

Based on the CAC, the only conceivable motive the Outside Directors could have had to wrongfully recommend the Transaction was their alleged "longstanding ties to Sillerman," which somehow "improperly influenced" their decision to endorse his Transaction.  (CAC ¶ 84.)  In other words, under Plaintiff's theory, because the Outside Directors were friends or business partners with Sillerman, they were motivated to commit securities fraud on his behalf.  That is plainly insufficient to establish their motive, as it does not suggest that they received any personal benefit from the alleged fraud.  *ECA*, 553 F.3d at 198 (plaintiff must allege defendants "benefitted in some concrete and personal way").  In fact, this is insufficient even to allege that the Outside Directors were not independent or disinterested under Delaware corporate law, as Plaintiff suggests.  (CAC ¶ 12); *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1050 (Del. 2004) ("Allegations of mere personal friendship or a mere outside business relationship, standing alone, are insufficient to raise a reasonable doubt about a director's independence"); *Wisc. Inv. Bd. v. Bartlett*, No. C.A. 17727, 2000 WL 238026, at *6 (Del. Ch. Feb. 24, 2000) ("Evidence of personal and/or past business relationships does not raise an inference of self-interest.").

Having failed to plead a motive to commit fraud, Plaintiff's circumstantial allegations of conscious misbehavior or recklessness "'must be correspondingly greater.'"  *Kalnit v. Eichler*, 264 F.3d 131, 142 (2d Cir. 2001) (quoting *Beck v. Mfrs. Hanover Trust Co*., 820 F.2d 46, 50 (2d Cir. 1987)).  But Plaintiff's recklessness allegations are even more deficient.  The CAC merely alleges in conclusory fashion that the Outside Directors "knew or recklessly disregarded that Sillerman's offer was a sham and he did not have and could not obtain financing."  (CAC ¶ 114.)

Yet the CAC contains no allegations from which it could be inferred that the Outside Directors

knew either of these "facts," let alone that they disregarded them.  *See One Commc'ns Corp. v.*

*JP Morgan SBIC LLC*, 381 F. App'x 75, 81 (2d Cir. 2010) (affirming dismissal of securities

fraud claims against outside directors because conclusory allegations of "involvement of outside

directors" in improper billing practices were insufficient to state a claim).  To the contrary, the

Outside Directors, acting as a Special Committee of disinterested members of the board, relied

on sophisticated outside financial and legal advisors in negotiating the Merger Agreement and in

concluding that the Transaction was fair to the Company's stockholders.  Company Br.

Statement of Facts.  The CAC does not contain any particularized facts that undermine the

legitimacy of the Special Committee's process.  This falls far short of the "highly unreasonable"

conduct that represents "an extreme departure from the standards of ordinary care" required to

plead recklessness.  *ECA*, 553 F.3d at 203 (quotation omitted).

## II.   THE CAC FAILS TO PLEAD A CLAIM FOR SECTION 20(a) LIABILITY AGAINST THE OUTSIDE DIRECTORS

To state a *prima facie* case for control person liability under Section 20(a) of the

Exchange Act, a plaintiff must show: (1) a primary violation by a controlled person; (2) control

of the primary violator by the defendant; and (3) "that the controlling person was in some

meaningful sense a culpable participant" in the primary violation.  *SEC v. First Jersey Secs.,*

*Inc.,* 101 F.3d 1450, 1472 (2d Cir.1996) (citations omitted).  The CAC fails to allege each of

these required elements.

First, the CAC fails to state a claim for a primary violation against the alleged controlled

persons -- the Company and Sillerman -- as addressed in their memoranda.  Company Br.

Argument; Sillerman Br. Argument.   Accordingly, the Section 20(a) claim against the Outside

Directors must be dismissed.  *Ross v. Lloyds Banking Grp., PLC*, 2012 WL 4891759, at *11 (S.D.N.Y. Oct. 16, 2012), *aff'd*, 546 F. App'x 5 (2d Cir. 2013).

Second, the CAC fails to plead that the Outside Directors had any control over the alleged primary violators.  To withstand a motion to dismiss, a plaintiff must plead facts from which it can be inferred that the alleged controlling person possessed "the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise."  *In re Alstom Sec. Litig*, 406 F. Supp.2d 433, 486 (S.D.N.Y. 2005) (quotations omitted).  Officer or director status alone does not constitute control.  *Id*. at 487; *In re Livent, Inc. Sec. Litig.*, 78 F. Supp. 2d 194, 221 (S.D.N.Y. 1999) (collecting cases).  Nor does membership on a committee.  *See id.*; *Jacobs v. Coopers & Lybrand, L.L.P.*, 1999 WL 101772 at *17 (S.D.N.Y. Mar. 1, 1999).

Here, there are no non-conclusory allegations that even come close to supporting an inference that the Outside Directors had "actual control" over the Company or Sillerman.  Plaintiff admits, as it must, that the Outside Directors are "non-management" directors.  (CAC ¶¶ 7, 84.)  Plaintiff does not allege that the Outside Directors controlled the Company through stock ownership or by contractual relationship.  Indeed, Plaintiff makes no allegations specific to the individual Outside Directors with respect to control and rather alleges that, collectively, "*Defendants* prepared, signed, and/or approved the Company's press releases and SEC filings . . . ." (*id.* ¶ 224 (emphasis added).); "[t]he individual *Defendants* had the power and authority to direct and control, directly or indirectly, the decision-making of the Company as set forth herein" (*id.* ¶ 223 (emphasis added).); and "[e]ach *Defendant* had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the conduct giving rise to the violations. . . ." (*id.* ¶224).  These allegations

are conclusory and unsubstantiated as to the Outside Directors, and even implausible given the Outside Directors' "non-management" roles.  Rote recitations of the elements for control-person liability, absent facts concerning the Outside Directors' actual and specific roles or actions, are insufficient.  *In re Alstom,* 406 F. Supp. 2d at 490-91 (plaintiff must allege some involvement by outside directors "beyond just 'being there'").  Other than these bare recitations, the only time Plaintiff even mentions the Outside Directors relevant to the issue of control is to allege that *Sillerman* controlled the Outside Directors.  (*See* CAC ¶¶ 12, 84.)

Finally, the CAC fails to plead that the Outside Directors were culpable participants in any misconduct.  The culpability element of a § 20(a) claim is subject to the PSLRA's heightened pleading standard.  *Special Situations Fund III Qp, L.P. v. Deloitte Touche Tohmatsu CPA, LTD,* 96 F. Supp. 3d 325, 345 (S.D.N.Y. 2015); *In re J.P. Jeanneret Assocs.*, 769 F. Supp. 2d 340, 376 (S.D.N.Y. 2011) (McMahon).[5]  To meet this burden, a plaintiff must, at minimum, plead facts that give rise to a strong inference of recklessness, *i.e.* conduct that constitutes "an extreme departure from the standards of ordinary care … to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it."  *In re Alstom,* 406 F. Supp. 2d at 491 (citation omitted).  Recklessness may be established when plaintiff (1) specifically alleges defendants knew or should have known that the primary violator was engaging in fraudulent conduct or (2) alleges facts demonstrating that defendants failed to review or check information that they had a duty to monitor, or ignored obvious signs of fraud.  *Id.*

---

[5]     While courts in this Circuit are split on the pleading requirements of "culpable participation," the majority apply the heightened pleading standards of the PSLRA to this prong. *See In re ShengdaTech, Inc. Sec. Litig.,* 2014 WL 3928606 at *10, n. 1 (S.D.N.Y. Aug. 10, 2014) (collecting cases).

As established in Point I.B., the CAC does not allege that the Outside Directors engaged

in any extreme conduct that could even approximate recklessness.  To the contrary, the Outside

Directors retained independent financial advisors and legal counsel to assist in the discharge of

their duties under Delaware law.  There are simply no facts alleged—much less with the

particularity required—from which knowledge that Sillerman allegedly did not intend to

complete the Transaction could be imputed to the Outside Directors; nor has Plaintiff alleged that

the Outside Directors failed to review or check information that they had a duty to monitor.

Accordingly, the Court should also dismiss this claim.

## CONCLUSION

For the foregoing reasons and those contained in the memoranda of law submitted by

Sillerman and the Company in support of their motions to dismiss, Defendants D. Geoffrey

Armstrong, John Miller and Michael John Meyer respectfully request that the Court dismiss with

prejudice Counts I and II against them.

Dated:  New York, New York        Respectfully submitted,
        January 22, 2016

                                 By:  /s/ Vincent A. Sama
                                     Vincent A. Sama
                                     Catherine Schumacher
                                     Aaron Miner
                                     Joseph Clark
                                     KAYE SCHOLER LLP
                                     250 West 55th Street
                                     New York, New York 10019
                                     vincent.sama@kayescholer.com
                                     Telephone: (212) 836-8000
                                     Facsimile:  (212) 836-8689