**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUEVOURA FUND LTD., On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F.X. SILLERMAN, D. GEOFFREY ARMSTRONG, JOHN MILLER and MICHAEL JOHN MEYER,<br><br>Defendants. | **Case No. 1:15-cv-07192-CM**<br>**Case No. 1:18-cv-09784-CM** |

# STIPULATION AND AGREEMENT OF SETTLEMENT

**WHEREAS**, on September 11, 2015, plaintiff Edward Gutman, on behalf of himself and others similarly situated, filed the above-captioned action as a putative class action in the United States District Court for the Southern District of New York ("District Court") against Director Defendants Robert F.X. Sillerman, D. Geoffrey Armstrong, Michael John Meyer, John Miller, and SFX Entertainment, Inc. ("SFX");

**WHEREAS**, on December 8, 2015, the Court entered an Order Appointing Lead Plaintiff and Lead Counsel, Amending Caption, and Consolidating Cases, which consolidated the two similar pending cases, and appointed Guevoura Fund Ltd. as Lead Plaintiff and Brower Piven, A Professional Corporation, as Lead Counsel;

**WHEREAS,** on December 23, 2015, Lead Plaintiff filed the Consolidated Amended Class Action Complaint ("Complaint");

**WHEREAS**, on September 12, 2016, the District Court issued its Memorandum Decision and Order Denying Defendants' Motions to Dismiss;

**WHEREAS**, on February 1, 2016, SFX filed a petition for bankruptcy protection under

Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, and on February 2, 2016, the District Court entered a memo endorsement with respect to SFX's suggestion of bankruptcy acknowledging that all proceedings against SFX were stayed pursuant to 11 U.S.C. §362;

**WHEREAS**, on October 26, 2016, the Director Defendants filed Answers to the Complaint denying all allegations of wrongdoing and asserting defenses to Lead Plaintiff's claims;

**WHEREAS**, on December 26, 2017, certain creditors filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Defendant Sillerman in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and on February 2, 2018, Defendant Sillerman responded by filing a motion to convert the involuntary Chapter 7 case to a voluntary Chapter 11 case, which the Bankruptcy Court granted by order dated March 1, 2018 ("Sillerman Bankruptcy Proceeding");

**WHEREAS**, on September 25, 2018, Lead Plaintiff filed proofs of claim in the Sillerman Bankruptcy Proceeding on behalf of itself and the Class;

**WHEREAS**, on June 19, 2018, Lead Plaintiff timely filed a complaint commencing an adversary proceeding (the "Non-Dischargeability Action") in the Sillerman Bankruptcy Proceeding seeking, *inter alia*, a determination that Defendant Sillerman's indebtedness to Lead Plaintiff and the Class constitutes a non-dischargeable debt pursuant to 11 U.S.C. §523 in that Defendant Sillerman's liability to Lead Plaintiff and the Class is grounded in violations of the federal securities laws;

**WHEREAS**, on October 22, 2018, Lead Plaintiff filed a motion in the District Court to withdraw the bankruptcy reference regarding the Non-Dischargeability Action, which Defendant Sillerman opposed;

**WHEREAS**, on October 30, 2018, Defendant Sillerman filed an answer to the complaint in the Non-Dischargeability Action denying all allegations of wrongdoing and asserting defenses to Lead Plaintiff's claims asserted on behalf of itself and the Class;

**WHEREAS,** on December 3, 2018, the District Court granted Lead Plaintiff's motion to withdraw the bankruptcy reference regarding the Non-Dischargeability Action;

**WHEREAS**, following a December 20, 2018 conference with the District Court, on December 21, 2018, the District Court entered an order consolidating the Action and the Non-Dischargeability Action, and setting a pretrial schedule that contemplates trial of both actions in September 2019;

**WHEREAS**, by the Stipulation and Order for Class Certification entered by the District Court on February 4, 2019, the District Court certified the Action to proceed as a class action, appointed Lead Plaintiff as Class Representative, and appointed Brower Piven, A Professional Corporation, as Class Counsel;

**WHEREAS**, following good faith, lengthy arms'-length mediations before the Honorable Layn R. Phillips (ret.) and the Honorable Magistrate Judge Ona T. Wang and extensive and vigorous additional one-on-one negotiations, Lead Plaintiff and the Director Defendants, by and through their undersigned counsel, have reached an agreement for a global settlement and dismissal with prejudice of the Action and the Non-Dischargeability Action on the terms and conditions set forth herein;

**WHEREAS**, as part of this global settlement, the Director Defendants have also reached settlements with the SFX Litigation Trustee and the Opt-Out Plaintiffs, and the Director Defendants and the SFX Litigation Trustee have executed a final settlement agreement that is only contingent on the Final Court Approval of this Settlement, and the Director Defendants and the Opt-Out Plaintiffs have executed a final settlement agreement that is only contingent on Final

Court Approval of this Settlement;

**WHEREAS**, despite denying any liability for the claims asserted herein and asserting that they have good defenses thereto, the Director Defendants have determined to enter into this Settlement, for among other reasons, to avoid further expense, inconvenience, and the burden of protracted litigation, to avoid the distraction and diversion of their personnel and resources, to avoid the risk of litigation and to obtain a full release of all claims and potential claims from the Class Members;

**WHEREAS**, Lead Plaintiff and Lead Counsel considered the terms of the Settlement set forth herein to be fair, reasonable, adequate, and in the best interests of the Class;

**NOW, THEREFORE**, in consideration of the foregoing promises, and for good and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **No Admission.** The Parties to this Stipulation agree that the proposed Settlement is a compromise of disputed claims and in no way represents, and may not be construed as, an admission of liability or an admission against interest or an admission of any wrongdoing whatsoever by any of the Director Defendants. The Director Defendants deny that they have committed any violations of the law or other wrongdoing. The Settlement shall not be construed as, or received in evidence as, an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Director Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund. The Settlement and all negotiations, discussions and proceedings in connection with the Settlement shall not create an inference of wrongdoing, and are inadmissible for any purpose other than the enforcement of the terms of this Settlement.

2. **Select Definitions.** The following terms, as used in this Stipulation, have the

following meanings:

a. "Action" means the case captioned *Guevoura Fund Ltd. v. Sillerman, et al*., No. 1:15-cv-07192 (CM) (OTW).

b. "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

c. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York overseeing the Sillerman Bankruptcy Proceeding or such other United States Bankruptcy Court in any other jurisdiction before which Defendant Sillerman's bankruptcy proceeding is overseen.

d. "Chapter 7" means Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 *et. seq*.

e. "Chapter 11" means Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 *et. seq*.

f. "Claims Administrator" means JND Legal Administration.

g. "Class" means all persons or entities (other than those who timely and validly request exclusion from the Class) who purchased or otherwise acquired SFX common stock during the Class Period. Excluded from the Class are the officers and directors of SFX during the Class Period (including the Director Defendants, Mitchell Slater, Andrew Bazos, Joseph Rascoff, Edward Simon, Pasquale Manocchia, Howard Tytel, and Sheldon Finkel), members of their immediate families, any entity in which they have or had a controlling interest, their respective legal representatives, heirs, successors or assigns, and the Opt-Out Plaintiffs.

h. "Class Member" means any Person included in the definition of the Class.

i. "Class Period" means between February 25, 2015 and November 17, 2015, inclusive.

j. "Complaint" means the Consolidated Amended Class Action Complaint filed on December 23, 2015.

k. "Director Defendants" means D. Geoffrey Armstrong, Michael John Meyer, John Miller, and Robert F.X. Sillerman as defendants in the Action and, in respect of Robert F.X. Sillerman, as the defendant in the Non-Dischargeability Action.

l. "Director Defendants' Contribution" means the consideration provided for in Paragraph 3(a) of this Stipulation to be contributed to the Settlement by the Director Defendants to be paid by the Insurance Carriers.

m. "District Court" means the United States District Court for the Southern District of New York.

n. "Escrow Account" means the bank or brokerage account or accounts maintained by

Lead Counsel to hold the proceeds of the Settlement Fund pending distributions therefrom as provided in this Stipulation or as ordered by the District Court.

o. "Escrow Agent" means Lead Counsel.

p. "Final Court Approval" means the District Court has entered the Final Judgment and the expiration of the time to appeal or seek reargument, certification, certiorari or other review with respect to such Final Judgment or, if any appeal, re-argument, writ of certiorari or other review is filed and not dismissed, after such Final Judgment is upheld in all material respects and is no longer subject to reargument certification, certiorari or other review; provided, however, that an appeal shall not delay, impair or preclude Final Court Approval to the extent it pertains solely to (i) the Plan of Allocation, (ii) any application for attorneys' fees and expenses, or (iii) the application of Lead Plaintiff for reimbursement of its costs and expenses.

q. "Insurance Carriers" means Illinois National Insurance Company, Allied World Assurance Company and Hiscox Syndicate 33 (Lloyds).

r. "Lead Counsel" means Brower Piven, A Professional Corporation.

s. "Non-Dischargeability Action" means the case captioned *Guevoura Fund Ltd. v. Robert Francis Xavier Sillerman*, No. 18-CV-9784 (CM) (OTW).

t. "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Settlement Hearing, which is to be distributed to potential members of the Class substantially in the form attached as Exhibit A-1.

u. "Net Settlement Fund" means the Settlement Fund, less any taxes, tax expenses, notification costs, administration expenses, attorneys' fees and expenses, reimbursement to the Lead Plaintiff, and any other fees, costs, or expenses allowed or approved by the District Court. The Net Settlement Fund shall be distributed to Authorized Claimants as provided in this Stipulation.

v. "Opt-Out Action" means the action denominated: *Altimeo Invesissement, Altimeo Optimum, Edward S. Gutman, The Merger Fund, The Merger Fund VI, WCM Alternatives: Event Driven Fund, and WCM Master Trust v. Robert F.X. Sillerman, D. Geoff Armstrong, John Miller, Michael John Meyer, Andrew N. Bazos, Joseph R. Rascoff, Edward Simon and Pasquale Manocchia*, Index No. 651084/2016 (N.Y. Sup. Ct. N.Y. Co.).

w. "Opt-Out Plaintiffs" means the named plaintiffs in the Opt-Out Action: Altimeo Investissement, Altimeo Optimum, The Merger Fund, The Merger Fund VL, WCM Alternatives: Event Driven Fund, WCM Master Trust and Edward S. Gutman.

x. "Parties" means Lead Plaintiff and the Director Defendants.

y. "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association,

joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and/or any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

z. "Plan of Allocation" means the plan and procedures for allocating the Net Settlement Fund to be distributed to the Authorized Claimants, as approved by the District Court.

aa. "Preliminary Court Approval" means an order by the District Court substantially similar in form to Exhibit A hereto: (i) preliminarily approving the Settlement; (ii) approving the form of the Notice and Publication Notice; and (iii) approving a plan for providing such notice (with any expenses associated with such notice coming out of the Settlement Fund as provided for herein) to Class Members that is practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. §78u-4(f)(7)(A) ("PSLRA").

bb. "Publication Notice" means the Summary Publication Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees, and Final Settlement Hearing, for publication in substantially the same form attached as Exhibit A-2.

cc. "Released Claims" means any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability and including any claims for violations of Fed. R. Civ. P. 11), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including without limitation the federal securities laws and the claims alleged in the Non-Dischargeability Action, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct, indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Lead Plaintiff and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of SFX common stock, ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that (i) have been asserted in this Action and the Non-Dischargeability Action by the Lead Plaintiff and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Lead Plaintiff or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the

Complaint, the complaint in the Non-Dischargeability Action or relate to the purchase, acquisition, transfer, holding, ownership, disposition, or sale of SFX common stock during the Class Period. Released Claims does not include claims relating to the enforcement of the Settlement or the terms of this Stipulation. For the avoidance of doubt, nothing in this Stipulation or this release releases the Director Defendants from their obligations under this Stipulation or their liability for breach of any term, warranty, or representation in this Stipulation.

dd. "Released Defendants' Claims" means any and all claims, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation (including any claims for violations of Fed. R. Civ. P. 11), including both known claims and Unknown Claims, that have been or could have been asserted in the Action, the Non-Dischargeability Action or any forum by the Released Parties, or any of them, or the successors and assigns of any of them against Lead Plaintiff or its attorneys, or against any other of the Released Parties, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action and the Non-Dischargeability Action. Released Defendants' Claims does not include claims relating to the enforcement of the Settlement or the terms of this Stipulation.

ee. "Released Parties" means each of the Director Defendants, Mitchell Slater, Andrew Bazos, Joseph Rascoff, Edward Simon, Pasquale Manocchia, Howard Tytel, and Sheldon Finkel, and their and SFX's respective present and former direct and indirect parents, subsidiaries, divisions, and affiliates, and any of their present and former officers, directors, members, general partners, limited partners, employees, agents, representatives, attorneys, advisors, associates, associations, fiduciaries, sureties, insurers (including but not limited to the Insurance Carriers) and reinsurers, shareholders, auditors and accountants, financial advisors and investment banks, predecessors, heirs, estates consultants, successors and assigns of each of them, and any other person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the foregoing, and anyone acting in concert with any of them.

ff. "Releasing Parties" means Lead Plaintiff and each of the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors.

gg. "Settlement" means the settlement contemplated by this Stipulation.

hh. "Settlement Fund" means the Director Defendants' Contribution and the funds received on account of the Sillerman Contribution, plus all interest earned thereon after payment of such funds into the Escrow Account.

ii. "SFX" means SFX Entertainment, Inc., the SFX Litigation Trust, the Reorganized SFX Entertainment, Inc. and its affiliated Reorganized Debtors, SFXE Acquisition LLC, and SFXE Merger Sub Inc., any of their present or former parents, subsidiaries, divisions, subdivisions, practice groups, departments, Affiliates, predecessors, successors, joint ventures, officers, directors, partners, principals, employees,

representatives, professional staff members, attorneys, Agents, and all other Persons acting or purporting to act on their behalf.

jj. "SFX Litigation Trustee" means the Trustee appointed in connection with the confirmed plan of reorganization in the SFX bankruptcy for the purpose of pursuing certain claims of SFX primarily against Defendant Sillerman.

kk. "Sillerman Contribution" means the consideration provided for in Paragraph 3(b) of this Stipulation to be separately contributed by Defendant Sillerman to the Settlement.

ll. "Defendant Sillerman" means Robert F.X. Sillerman.

mm. "Sillerman Bankruptcy Proceeding" means Defendant Sillerman's Chapter 11 bankruptcy proceeding in the Bankruptcy Court, under No. 17-13633.

nn. "Stipulation" means this Stipulation and Agreement of Settlement, including any subsequent amendments thereto.

oo. "Unknown Claims" means any and all Released Claims which any Releasing Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that the Lead Plaintiff expressly waives, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff, as a Class representative, acknowledges that members of the Class may discover facts in addition to or different than those that they now know or believe to be true with respect to the subject matter of the release herein, but that it is its intention, on behalf of the Class, to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Lead Plaintiff also acknowledges, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

**<u>Settlement Fund</u>**

3. In full settlement of the Released Claims:

(a) The Director Defendants agree to cause to be paid $6,750,000.00 in cash, as directed by the Escrow Agent, no later than twenty-one (21) days after (i) preliminary approval of this Settlement provided for in this Stipulation by the District Court and (ii) Director Defendants' receipt of all required payment information from Lead Counsel, including adequate wire instructions and a completed Form W-9, *i.e.*, the Director Defendants' Contribution; and

(b) Subject to the approval of the Bankruptcy Court, Defendant Sillerman shall make the Sillerman Contribution pursuant to which he agrees that the proof of claim filed in the Sillerman Bankruptcy Proceeding by Lead Plaintiff, individually and on behalf of itself and the Class, on September 25, 2018, which claim has been designated as Claim No. 35 in the Sillerman Bankruptcy Proceeding, shall be allowed as a general unsecured dischargeable claim not subject to objection, reduction, counterclaim or setoff by Defendant Sillerman, his bankruptcy estate or any other party, in the amount of $750,000.00 (the "Lead Plaintiff's Bankruptcy Claim"), (i) to be treated as such under Defendant Sillerman's Chapter 11 plan of reorganization as confirmed by the Bankruptcy Court; or (ii) as to which Lead Plaintiff on behalf of itself and the Class shall be entitled to a distribution from a Chapter 7 trustee in the event the Sillerman Bankruptcy Proceeding is converted to a case under Chapter 7. In the event payment in full (which may include interest on deferred distributions) of the Lead Plaintiff's Bankruptcy Claim is not proposed as the treatment under a Chapter 11 plan of or on behalf of Defendant Sillerman in the Sillerman Bankruptcy Proceeding, the Releasing Parties shall not have any recourse against Defendant Sillerman or the other Released Parties, except that Lead Plaintiff, on behalf of itself and the Class, shall have the right to object to, oppose and/or take any other appropriate action with respect to such Chapter 11 plan; provided, however, that pursuant to section 1141(d)(5) of the Bankruptcy Code, Defendant Sillerman shall be entitled to a discharge of Lead Plaintiff's Bankruptcy Claim upon the completion of payments provided under such confirmed Chapter 11

plan, notwithstanding the provisions of section 1141(d)(3) of the Bankruptcy Code. If the Bankruptcy Court does not approve the Sillerman Contribution and the Settlement becomes final as provided in Paragraph 16 below, then (i) Lead Plaintiff shall amend Claim No. 35 in the Sillerman Bankruptcy Proceeding to an amount not to exceed $750,000.00 (which claim shall not be subject to further amendment); (ii) Defendant Sillerman shall amend the schedules in the Sillerman Bankruptcy Proceeding to reflect that Lead Plaintiff's Bankruptcy Claim is an undisputed liquidated claim in the amount of $750,000.00; (iii) any rights of parties other than Defendant Sillerman to object in the Sillerman Bankruptcy Proceeding or a superseding case under Chapter 7 to the allowance of Lead Plaintiff's Bankruptcy Claim shall be reserved; (iv) Lead Plaintiff's Bankruptcy Claim shall be dischargeable; and (v) Defendant Sillerman shall otherwise be entitled to a release of the Released Claims from the Releasing Parties. If the Sillerman Bankruptcy Proceeding is dismissed or if a superseding case under Chapter 7 in which Defendant Sillerman is a debtor is dismissed, whether or not the Sillerman Contribution was approved by the Bankruptcy Court, (i) Defendant Sillerman agrees to pay, within thirty (30) days of such dismissal, to Lead Plaintiff, on behalf of itself and the Class, the amount of $750,000.00 (U.S.) in cash, (ii) Lead Plaintiff, on behalf of itself and the Class, shall retain the right to enforce and collect such debt from Sillerman; (iii) Defendant Sillerman waives any defense, setoff, claim for contribution or counterclaim in respect thereof; and (iv) Defendant Sillerman shall otherwise be entitled to a release of the Released Claims from the Releasing Parties, notwithstanding any failure of Defendant Sillerman to pay such debt.

4. The Escrow Agent shall invest the Director Defendants' Contribution in United States agency or Treasury securities or other instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they

mature in similar instruments at their then-current market rates.

5. The Escrow Agent shall not disburse the Director Defendants' Contribution except as provided in this Stipulation or by an order of the District Court, except that Lead Counsel may withdraw such amounts from the Escrow Account as needed to provide notice to the Class as directed by the District Court, pay for costs and expenses related to administration of the Settlement, and pay taxes due and owing by the Settlement Fund.

6. When and/or if any payments on account of the Sillerman Contribution are made, such payments shall be paid into the Escrow Account.

7. All Parties, including Defendant Sillerman, agree not interpose any objection in the Sillerman Bankruptcy Proceeding to the Sillerman Contribution and the releases by Defendant Sillerman provided for herein, and Defendant Sillerman agrees to cooperate in good faith and take all reasonable and necessary steps to obtain the Bankruptcy Court's approval of the Sillerman Contribution and the releases by Defendant Sillerman provided for herein in the Sillerman Bankruptcy Proceeding, and to oppose any objections in the Bankruptcy Court or the District Court to the Sillerman Contribution and the releases by Defendant Sillerman provided for herein.

8. The Director Defendants' Contribution and the Sillerman Contribution are not contingent on one another and are severable. For the avoidance of doubt, neither Bankruptcy Court approval of the Sillerman Contribution nor payment on account of the claim to be allowed pursuant to the Sillerman Contribution is a condition to Final Court Approval of this Stipulation. However, Bankruptcy Court approval of the releases by Defendant Sillerman, as provided in this Stipulation and described in Paragraphs 11 and 12 below, is a condition to Final Court Approval of this Stipulation.

9. Unless the Settlement is terminated as provided herein or fails to obtain Final

Court Approval, under no circumstances shall any part of the Settlement Fund be returned or revert to the Director Defendants or their Insurance Carriers. At all times until the Settlement Fund is exhausted, the Net Settlement Fund, less all payments from the Settlement Fund allowed by the District Court or under this Stipulation, shall be held in the Escrow Account subject to the jurisdiction of the District Court.

10. **Class Release.** Upon Final Court Approval, the Releasing Parties fully, finally and forever release, relinquish and discharge the Released Claims against the Released Parties.

11. **Released Defendants' Claims.** Upon Final Court Approval, the Released Parties fully, finally and forever release, relinquish and discharge the Released Defendants' Claims against Lead Plaintiff and/or its attorneys and against any other of the Released Parties.

12. **Insurance Carriers' Release.** Upon Final Court Approval, and subject to the Insurance Carriers making or having made the payments to the Opt-Out Plaintiffs and the SFX Litigation Trustee of the amounts memorialized in the respective stipulations among such parties and the Director Defendants, Defendant Sillerman fully, finally and forever releases, relinquishes and discharges the Insurance Carriers from Defendant Sillerman's rights and claims under the relevant directors' and officers' insurance policies.

13. **Covenant Not To Sue.** Upon Final Court Approval, the Releasing Parties shall not commence or prosecute, or assist in the commencement or prosecution of, any Released Claim against any Released Party. The Released Parties shall not commence or prosecute, or assist in the commencement or prosecution of, any Released Defendants' Claims against Lead Plaintiff and/or its attorneys.

14. **Preliminary Court Approval.** No later than five (5) business days after execution of this Stipulation by Lead Plaintiff and the Director Defendants, Defendant Sillerman shall file a motion (the "9019 Motion") in the Bankruptcy Court pursuant to Rule 9019 of the

Federal Rules of Bankruptcy Procedure, seeking the entry of an order substantially in the form attached hereto as Exhibit B, requesting approval as to Defendant Sillerman of the settlement of the Released Claims including, without limitation, the claims asserted in the Non-Dischargeability Action, the Sillerman Contribution and the releases by Defendant Sillerman as provided for in this Stipulation. Lead Counsel shall, at the appropriate time or as otherwise directed by the District Court but no later than five (5) business days after the Bankruptcy Court's final and non-appealable approval of the releases by Defendant Sillerman as provided in Paragraph 16(c) of this Stipulation, seek Preliminary Court Approval of the Settlement in a form substantially similar to Exhibit A hereto. The Parties agree to jointly request that the District Court stay all proceedings in the Action and the Non-Dischargeability Action pending such Bankruptcy Court approval.

15. **Final Judgment.** Lead Counsel shall file a motion, on consent by the Director Defendants, seeking entry of a final judgment and order of dismissal, in substantially similar form to Exhibit C hereto: (i) approving the Settlement as satisfying the requirements of Rule 23 of the Federal Rules of Civil Procedure, including a finding that the terms are fair, reasonable and adequate; (ii) dismissing the Action with prejudice as to the Director Defendants and without costs as to any Party; (iii) dismissing the Non-Dischargeability Action with prejudice and without costs; (iv) containing a release in the form described in Paragraph 10 hereof, and a covenant not to sue as described in Paragraph 13 hereof, and a bar order as described in Paragraph 26 hereof; and (v) barring and enjoining each Class Member from commencing or prosecuting, or assisting in the commencement or prosecution of any Released Claim against any of the Released Parties ("Final Judgment").

16. **Conditions To Finality of the Settlement.** The Settlement shall be final when all of the following shall have occurred and is conditioned on the occurrence of all of the following

events:

(a) The District Court has entered a Preliminary Approval Order substantially in the form of Exhibit A hereto;

(b) The Director Defendants have caused the Insurance Carriers to pay the Director Defendants' Contribution as provided in Paragraph 3, above, into the Escrow Account;

(c) Defendant Sillerman has filed the 9019 Motion in the Bankruptcy Court seeking approval of the 9019 Order substantially in the form of Exhibit B hereto, and the Bankruptcy Court has approved the releases by Defendant Sillerman as provided in this Stipulation and either (i) the fourteen (14) day time period for filing any appeal of the Bankruptcy Court's approval of those releases has expired without an appeal thereof, or (ii) in the event of an appeal of the Bankruptcy Court's approval of the releases, approval of those releases is affirmed on appeal;

(d) No option to terminate this Stipulation has been exercised or, if exercised, has been retracted;

(e) The District Court has entered the Final Judgment, or a judgment substantially in the form of Exhibit C hereto; and

(f) The Settlement has received Final Court Approval.

17. **Defendants' Interest In Settlement Fund.** Upon the occurrence of all of the events referenced in Paragraph 16 above, any and all remaining interest or right of the Director Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If the conditions specified in Paragraph 16 above cannot or will not be met, then this Stipulation shall be canceled and terminated. For the avoidance of doubt, the failure of the Bankruptcy Court to approve the Sillerman Contribution shall not be a basis to terminate this Stipulation or the Settlement.

18. **Claims Administration.** The Claims Administrator shall administer the rights and obligations of the Class conferred hereunder, under Lead Counsel's supervision and subject to the District Court's jurisdiction. The Released Parties will not have any responsibility for, or liability with respect to, the form, substance, method or manner of administration or distribution of the Net Settlement Fund to Class Members.

19. **Distribution to Authorized Claimants.** The Claims Administrator shall

determine each Class Member's *pro rata* share of the Net Settlement Fund based upon a reasonable Plan of Allocation that is proposed by Lead Counsel substantially in the form set forth in the Notice annexed hereto as Exhibit A-1, and approved by the District Court. It is not a condition of this Stipulation that any particular Plan of Allocation be approved, and any decision by the District Court concerning the Plan of Allocation shall not affect the validity, finality or enforceability of this Stipulation.

20. **Administration of the Settlement to Class Members.**

(a) Lead Counsel shall be solely responsible for supervising the administration and disbursement of the Settlement Fund by the Claims Administrator, and the disbursement of attorneys' fees and reimbursement of costs and expenses from the Settlement Fund. Released Parties shall have no liability, obligation or responsibility for the administration or disbursement of the Settlement Fund.

(b) All Proofs of Claim must be submitted by the date specified in the Notice approved by the District Court, unless such period is extended by order of the District Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement (unless, by order of the District Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of the Settlement as set forth herein, including the terms of the Final Judgment and the release and covenant not to sue, and will be barred from bringing any action against the Released Parties.

(c) Each Class Member submitting a Proof of Claim shall be deemed to have submitted to the jurisdiction of the District Court with respect to such Class Member's claim, and the claim will be subject to investigation and discovery by Lead Counsel and/or the Claims Administrator under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Class Member's status as a Class Member and the validity and amount of the Class Member's claim.

(d) Payment pursuant to the Settlement shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the District Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Settlement as set forth herein, including the terms of the Final Judgment and the release and covenant not to sue and will be barred from bringing any action against the Director Defendants.

(e) Each Class Member shall execute all appropriate documentation as a condition of receipt of any payment from the Net Settlement Fund, including, without limitation (i) a release as described in Paragraph 10 hereof above, and (ii) a covenant not to sue as described in Paragraph 13 hereof above.

21. **<u>Distribution of Net Settlement Fund</u>.** The Net Settlement Fund shall be distributed to Class Members by the Claims Administrator in accordance with the Plan of Allocation only after Final Court Approval and after:

(a) all claims have been processed, and all Class Members whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance;

(b) all objections with respect to all rejected or disallowed claims have been resolved by the District Court, and all appeals therefrom have been resolved or the time therefor has expired;

(c) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time to notice an appeal, seek re-argument, make a petition or otherwise seek review has expired, and

(d) all costs of administration and taxes have been paid or reserved for.

22. **<u>Attorneys' Fees and Expenses</u>.**

(a) Lead Counsel shall apply to the District Court for an award of a reasonable percentage of the Settlement Fund not to exceed, in the aggregate, thirty-three and one third percent (33 1/3%) of the Director Defendants' Contribution and thirty-three and one third percent (33 1/3%) of the funds received on account of the Sillerman Contribution, if and/or when it is paid into the Escrow Account, as attorneys' fees, plus reimbursement of Lead Counsel's reasonable out-of-pocket litigation and Notice and settlement administration expenses. Attorneys' fees, costs and/or expenses awarded to Lead Counsel shall be paid solely out of, and shall not be in addition to, the Settlement Fund. The Settlement shall not be conditioned upon any award of attorneys' fees, costs or expenses to Lead Counsel and neither the Director Defendants nor their Insurance Carriers shall have any responsibility with respect to Lead Counsel's application for an award of attorneys' fees. Any order or proceedings relating to the application for attorneys' fees, costs and/or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Final Judgment approving the Settlement.

(b) To the extent approved by the District Court, attorneys' fees, costs and/or expenses shall be paid from the Settlement Fund to Lead Counsel within seven (7) days after the Final Court Approval of the Settlement.

(c) Lead Counsel will seek an award and/or reimbursement for Lead Plaintiff for its costs and expenses incurred in representing the Class which, subject to District Court approval, shall be paid from the Settlement Fund.

(d) Lead Counsel may apply to the District Court from time to time for reimbursement of their reasonable hourly fees and expenses incurred in administration of the Settlement.

23. **Failure of the Court to Approve the Settlement.** If the Settlement does not receive Final Court Approval, is terminated by its terms or is otherwise voided for any reason, then:

(a) The Settlement Fund, less a reserve for any taxes owed thereon or accrued but unpaid, and for all expenses reasonably and actually paid or incurred by Lead Plaintiff, Lead Counsel and/or the Claims Administrator in connection with Notice to the Class and administration of the Settlement and the Settlement Fund, shall be refunded, along with any interest accrued thereon, to the Director Defendants for the Director Defendants' Contribution and to the bankruptcy estate of Defendant Sillerman for the funds received on account of the Sillerman Contribution. Under no circumstances shall Lead Plaintiff or Lead Counsel be liable to pay or reimburse any amounts paid or incurred in connection with the payment of taxes on the Settlement Fund or paid or incurred in connection with Notice to the Class or administration of the Settlement; and

(b) This Stipulation and any subsequent Settlement documents shall be null and void and inadmissible in any proceeding before any court or tribunal (except to the extent required to enforce the refund provisions of this Paragraph 23), or to enforce any provision of this Stipulation that expressly survives termination of the Settlement.

24. **No Evidentiary Effect of Termination.** In the event this Settlement fails to obtain Final Court Approval, the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of February 25, 2019, and shall proceed in all respects as if this Stipulation other than the Parties agreeing to a revised pretrial schedule, extended to be consistent with the time that elapses between February 25, 2019 and the date of termination of the Settlement, and orders related to the Settlement shall be void and as though they had not been executed and no Party shall be prejudiced in any way from the negotiation, terms or existence of this Settlement. This Settlement and all of the negotiations, discussions and statements with respect hereto, shall be inadmissible in the Action for all purposes other than in connection with seeking approval of the Settlement by the District Court and the 9019 Motion, and shall not entitle any party to recover costs incurred in connection with the implementation of this Settlement, except as provided in Paragraph 22, above.

25. **Taxes.** The Settlement Fund is intended to be a Qualified Settlement Fund within

the meaning of Treasury Regulation §1.468B-1. All expenses incurred by the Settlement Fund, including, without limitation, all federal, state and local taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund, shall be paid out of the Escrow Account without the need for a prior court order. The Escrow Agent shall be responsible for the timely payment from the Settlement Fund of all taxes due.

26. **Bar Order.** The Final Judgment shall include, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C §78u-4(f)((7)(A), an order providing that every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, in the District Court, or in any other federal, foreign, state or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of the Released Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in this Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law except to enforce this Stipulation and the Settlement.

27. **Due Diligence.** The Parties agree that no further due diligence or discovery will be undertaken as part of Settlement other than that is necessary and appropriate to effect the consummation and approval of the Settlement and enforcement of this Stipulation.

28. **Stay of Proceedings.** Except as provided herein, pending Final Court Approval, Lead Plaintiff shall not seek relief in any forum, or take any action in the Action and all proceedings in the Action or otherwise shall be stayed and suspended, except that the Parties shall take all such action and file such papers as are necessary and appropriate to effect

Bankruptcy Court approval of the 9019 Motion and the consummation and approval of the Settlement, and enforcement of this Stipulation

29. **Governing Law.** This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to New York's conflict of law rules. All disputes regarding the existence, validity, or enforceability of this Stipulation shall be filed in the District Court.

30. **Notifications.** When this Stipulation requires or contemplates that one party shall give notice to another, notice shall be provided by e-mail and next-day (excluding weekends) express delivery service as follows:

(a) If to Lead Plaintiff and the Class, then to:

BROWER PIVEN, A Professional Corporation
David A. P. Brower
136 Madison Avenue, 5th Floor
New York, New York 10016
brower@browerpiven.com

(b) If to Defendants, then to:

Vincent A. Sama
Aaron F. Miner
Daphne Morduchowitz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Vincent.Sama@arnoldporter.com
Aaron.Miner@arnoldporter.com
Daphne.Morduchowitz@arnoldporter.com

Counsel for Defendants D. Geoffrey Armstrong, John Miller and Michael John Meyer

Sanford P. Rosen
ROSEN & ASSOCIATES, P.C.
747 Third Avenue
New York, NY 10017-2803
srosen@rosenpc.com

Counsel for Robert F.X. Sillerman

31. **Successors.** Except as otherwise provided herein, this Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective agents, successors, executors, heirs and assigns.

32. **No Party Is The Drafter.** None of the parties hereto shall be considered to be the drafter of this Stipulation or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof. All Parties agree that this Stipulation was drafted at arm's- length, and that no parole or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Stipulation was made or executed.

33. **Entire Agreement.** This Stipulation contains the Parties' entire agreement and supersedes any prior oral or written agreements, negotiations, and/or communications by the Parties on the subject matter hereof.

34. **Amendment; Waiver.** This Stipulation shall not be modified in any respect except by a writing executed by all the Parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other prior, subsequent or contemporaneous breach of this Stipulation.

35. **Retained Jurisdiction.** Any action based on this Stipulation or to enforce any of its terms shall be venued in the District Court, which shall retain jurisdiction over all such disputes. All parties to this Stipulation shall be subject to the jurisdiction of the District Court for all purposes related to this Stipulation.

36. **Dispute Resolution.** Any disputes between the Parties to this Stipulation shall first be presented to Magistrate Judge Ona T. Wang and if such dispute cannot be resolved by

mediation, the dispute shall be presented to Chief Judge Colleen McMahon.

37. **Execution.** This Stipulation may be executed in counterparts by facsimile or original signature, each of which shall constitute and be deemed one and the same instrument. Each of the attorneys executing this Stipulation on behalf of his respective client(s) hereby represents and warrants that he has full power and authority to do so.

Dated: April 30, 2019

BROWER PIVEN
A Professional Corporation

David A.P. Brower
136 Madison Avenue, 5th Floor
New York, NY 10016
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Class Counsel*

Dated: April 29, 2019

ARNOLD & PORTER KAYE SCHOLER LLP

Vincent A. Sama
Aaron F. Miner
Daphne Morduchowitz
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Defendants D. Geoffrey Armstrong, John Miller and Michael John Meyer*

Dated: April ___, 2019

ROSEN & ASSOCIATES, P.C.

Sanford P. Rosen
747 Third Avenue
New York, NY 10017
Telephone: (212) 223-1100
Facsimile: (212) 223-1102

*Counsel for Robert F.X. Sillerman*

mediation, the dispute shall be presented to Chief Judge Colleen McMahon.

37. **Execution.** This Stipulation may be executed in counterparts by facsimile or original signature, each of which shall constitute and be deemed one and the same instrument. Each of the attorneys executing this Stipulation on behalf of his respective client(s) hereby represents and warrants that he has full power and authority to do so.

Dated: April ___, 2019

BROWER PIVEN
A Professional Corporation

________________________________

David A.P. Brower
136 Madison Avenue, 5th Floor
New York, NY 10016
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Class Counsel*

Dated: April ___, 2019

ARNOLD & PORTER KAYE SCHOLER LLP

________________________________

Vincent A. Sama
Aaron F. Miner
Daphne Morduchowitz
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Defendants D. Geoffrey Armstrong, John Miller and Michael John Meyer*

Dated: April 30, 2019

ROSEN & ASSOCIATES, P.C.

[signature]

Sanford P. Rosen
747 Third Avenue
New York, NY 10017
Telephone: (212) 223-1100
Facsimile: (212) 223-1102

*Counsel for Robert F.X. Sillerman*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUEVOURA FUND LTD., On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F.X. SILLERMAN, D. GEOFFREY ARMSTRONG, JOHN MILLER and MICHAEL JOHN MEYER,<br><br>Defendants. | **Case No. 1:15-cv-07192-CM**<br><br>**Case No. 1:18-cv-09784-CM** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE TO THE CLASS**

These above-entitled action (the "Action") comes before this Court (the "Court") on Plaintiff's Motion for: (1) Preliminary Approval of Proposed Settlement; (2) Approval of Notice to the Class; and (3) Scheduling of a Final Approval Hearing ("Motion") and on the Stipulation and Agreement of Settlement dated April ___, 2019 ("Stipulation") entered into by Lead Plaintiff and the Director Defendants in the Action. The Court has reviewed the Motion, the Memorandum, and the Stipulation with the attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice, upon the terms and conditions of the Stipulation, and finds that the Motion is due to be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Stipulation unless expressly indicated otherwise herein.

**NOW, THEREFORE**, the Court hereby **ORDERS**:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate

as to the Class Members, subject to further consideration at the Settlement Hearing described below. Therefore, the motion for preliminary approval of the proposed Settlement is **GRANTED.**

2. By the Stipulation and Order for Class Certification entered by the Court on February 4, 2019 (the "Class Certification Order"), the Court certified the Action to proceed as a class action on behalf of a class consisting of all persons or entities who purchased or otherwise acquired SFX Entertainment, Inc. ("SFX") common stock during the period between February 25, 2015 and November 17, 2015, inclusive (the "Class"). The Court excluded from the Class the officers and directors (including the Director Defendants) of SFX during the Class Period, members of their immediate families, and any entity in which the Director Defendants have or had a controlling interest and their respective legal representatives, heirs, successors, or assigns. This Preliminary Approval Order amends the Class definition to exclude the following from the Class: the officers and directors of SFX during the Class Period (including the Director Defendants, Mitchell Slater, Andrew Bazos, Joseph Rascoff, Edward Simon, Pasquale Manocchia, Howard Tytel, and Sheldon Finkel), members of their immediate families, and any entity in which they have or had a controlling interest and their respective legal representatives, heirs, successors, or assigns; and the named plaintiffs in the action denominated: *Altimeo Invesissement, Altimeo Optimum, et al. v. Robert F.X. Sillerman, et al.*, Index No. 651084/2016 (N.Y. Sup. Ct. N.Y. Co.), plaintiffs Altimeo Investissement, Altimeo Optimum, The Merger Fund, The Merger Fund VL, WCM Alternatives: Event Driven Fund, WCM Master Trust and Edward S. Gutman (the "Opt-Out Plaintiffs").

3. In the Class Certification Order, the Court also appointed Lead Plaintiff Guevoura Fund Ltd. ("Lead Plaintiff") as Class Representative and appointed Brower Piven, A

Professional Corporation ("Brower Piven"), as Class Counsel.

4. If for any reason the Settlement does not receive Final Court Approval, the Stipulation, including any amendment(s) thereof, and this Order shall, without the need for further action by the Court or the Lead Plaintiff and Director Defendants, be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each party shall be restored to his, her or its respective position as it existed as of February 25, 2019.

5. A hearing ("Settlement Hearing") shall be held before this Court on _________________, 2019, at _____ __.m. (Eastern) for the following purposes:

(a) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court;

(b) to determine whether a Final Judgment as provided in ¶16 of the Stipulation should be entered;

(c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(d) to determine whether any applications by Lead Counsel for attorneys' fees and/or reimbursement of expenses should be approved;

(e) to determine whether an award of reasonable costs and expenses to Lead Plaintiff directly relating to its representation of the Class should be approved;

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Settlement Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Publication Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees, and Final Settlement Hearing (the "Publication Notice") for publication, annexed as Exhibits A1-A3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Publication Notice in the manner and form set forth in this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled to notice.

7. JND Legal Administration ("Claims Administrator") is hereby appointed, under the supervision of Lead Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) To the extent it has not previously done so, Lead Plaintiff shall provide to the Claims Administrator, within seven (7) business days after entry of this Order, without charge to any other Party, the names and last known addresses of potential Class Members as shown by SFX stock transfer records for the purposes of identifying and giving notice to the Class.

(b) No later than fifteen (15) business days after entry of this Order, the Claims Administrator shall cause a copy of the Notice, substantially in the form annexed hereto as Exhibit A-1 and Proof of Claim, substantially in the form annexed hereto as Exhibit A-3, to be

mailed by first class mail to all potential Class Members who can be identified with reasonable effort;

(c) The Claims Administrator shall cause the Publication Notice, in substantially the form annexed as Exhibit A-2, to be published three (3) separate times, with no less than four (4) business days between each publication, over the *PR Newswire* and/or similar national business-oriented newswire(s), with such publication completed no later than twenty-eight (28) calendar days after the mailing of the Notice; and

(d) No later than thirty (30) calendar days before the Settlement Hearing, Lead Counsel shall cause proof, by affidavit or declaration, of such mailing and publishing to be filed with the Court and served on Defendants' Counsel.

8. All banks, securities brokers and other nominees who purchased the common stock of SFX for the beneficial ownership of Class Members during the Class Period shall send the Notice to all beneficial owners of such SFX common stock within seven (7) calendar days after receipt of the Notice from the Claims Administrator, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt of receipt of the Notice from the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached to the Notice, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked or delivered no later than one hundred fifty (150) calendar days after entry of this Order. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in other respects be bound by the terms of the Stipulation. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant for the transactions reported therein, in the form of broker

confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

10. All Class Members shall be bound by all determinations and judgments in this Action, concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Class. The Persons and entities who request exclusion from the Class will be excluded from the Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Final Judgment entered as to the Director Defendants in the Action.

11. To request exclusion from the Class, a putative Class Member must send a letter, postmarked or delivered, no later than one hundred and five (105) calendar days after entry of this Order to the Claims Administrator. For a request for exclusion to be valid, the putative Class Member's request for exclusion must include the Class Member's name, current address, and

day-time and evening telephone numbers; the dates of all such Class Member's purchases and/or sales of SFX common stock during the Class Period; the number of shares purchased and/or sold on each such date; the prices paid and/or received for all such shares on each such date; and a clear and unambiguous statement that such putative Class Member wishes to be excluded from the Class. No further opportunity to request exclusion will be given in this Action. A Class Member's failure to comply with the foregoing requirements for requesting exclusion from the Class will result in such request being invalid and ineffective.

12. Lead Counsel shall provide Defendants' Counsel copies of all requests for exclusion ten (10) calendar days prior to the Settlement Hearing or as soon as practicable after such request is received.

13. Pending final determination of whether the Stipulation should be approved, Lead Counsel, Lead Plaintiff, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Parties and all proceedings in the Action shall be stayed until further order of this Court, except as may be necessary to comply with the terms of the Stipulation, or implement the Settlement.

14. Any Class Member may enter an appearance in the Action, individually or, at their own expense, through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and counsel for the Director Defendants a notice of such appearance no later than one hundred and five (105) calendar days after entry of this Order. If they do not enter an appearance, they will be represented by Lead Counsel.

15. All papers in support of the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, and Lead Plaintiff's

request for an award for reasonable costs and expenses shall be filed no later than seventy-five (75) calendar days after entry of this Order.

16. Any Class Member may appear and show cause, if he, she, or it has any, why the proposed Settlement should not be approved as fair, reasonable, and adequate, why the Plan of Allocation should not be approved as fair and equitable, why Lead Counsel's application for an award of attorneys' fees and/or why Lead Counsel's application for reimbursement of expenses should not be granted, and/or why Lead Plaintiff's request for an award for reasonable costs and expenses should not be granted; provided, however, that no Person or entity shall be heard or entitled to contest such matters, unless that Person or entity has delivered by hand or sent by first class mail written objections and copies of all papers and briefs any such Person and entity wishes to submit in support of any such objection delivered or post-marked no later than one hundred and five (105) calendar days after entry of this Order to each of the following:

BROWER PIVEN
A Professional Corporation
David A.P. Brower
136 Madison Avenue, 5th Floor
New York, NY 10016

*Lead Counsel*

ARNOLD & PORTER KAYE SCHOLER LLP
Vincent A. Sama
Aaron F. Miner
Daphne Morduchowitz
250 West 55th Street
New York, NY 10019

*Counsel for Defendants D. Geoffrey Armstrong, John Miller and Michael John Meyer*

ROSEN & ASSOCIATES, P.C.
Sanford P. Rosen
747 Third Avenue
New York, NY 10017

*Counsel for Defendant Robert F.X. Sillerman*

Any Person and entity that does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers, in response to any such objections and/or in further support of the above-noted motions shall be filed no later than fourteen (14) business days before the Settlement Hearing.

17. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All reasonable costs and expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts reasonably incurred or disbursed pursuant to the Stipulation for costs and expenses of providing notice and administration of the Settlement.

19. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any of the Director Defendants or the other Released Parties, that any acts of wrongdoing have been committed and shall not be deemed to create any

inference that there is any liability on the part of any of the Director Defendants or any other Released Parties. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Lead Plaintiff and Director Defendants, if appropriate, without further notice to the Class.

Dated: ________________________, 2019

______________________________________
HONORABLE COLLEEN MCMAHON
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUEVOURA FUND LTD., On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F.X. SILLERMAN, D. GEOFFREY ARMSTRONG, JOHN MILLER and MICHAEL JOHN MEYER,<br><br>Defendants. | **Case No. 1:15-cv-07192-CM**<br>**Case No. 1:18-cv-09784-CM** |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL SETTLEMENT HEARING**

**To: All persons or entities who purchased or otherwise acquired SFX Entertainment, Inc. ("SFX") common stock during the period between February 25, 2015 and November 17, 2015, inclusive (the "Class Period").**

**PLEASE READ THIS NOTICE CAREFULLY.**

**YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT**

PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE, YOU MUST TIMELY **SUBMIT A VALID PROOF OF CLAIM POSTMARKED NO LATER THAN [CLAIM DEADLINE]**, IN CONNECTION WITH THIS SETTLEMENT. A PROOF OF CLAIM ACCOMPANIES THIS NOTICE. IF YOU NEED AN ADDITIONAL PROOF OF CLAIM YOU MAY REQUEST ONE FROM THE CLAIMS ADMINISTRATOR, AS EXPLAINED BELOW.

## I. SUMMARY OF THIS NOTICE

This Notice relates to a federal securities class action brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder currently pending before the United States District Court for the Southern District of New York ("District Court"), in which Lead Plaintiff Guevoura Fund Ltd. ("Lead Plaintiff") alleges that Defendants Robert D. Geoffrey Armstrong, Michael John Meyer, John Miller, and Robert F.X. Sillerman ("Sillerman") (collectively, "Director Defendants") engaged in a scheme to manipulate the market for SFX common stock in connection with purported proposals by Defendant

Sillerman to buy SFX, and by issuing materially false and misleading statements in furtherance of that illicit scheme.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the District Court. The purpose of this Notice is to inform you of the proposed settlement of a class action lawsuit ("Action"), as set forth in the Stipulation and Agreement of Settlement dated April ___, 2019 ("Stipulation" or "Settlement"), and of the hearing to be held by the District Court to consider the fairness, reasonableness, and adequacy of the Settlement. This Notice is not intended to be, and should not be understood as, an expression of any opinion by the District Court concerning the merits of the Action. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement.

The proposed Settlement creates a fund, before deductions of attorneys' fees, costs, and expenses, in the amount of $6,750,000.00 (U.S.) in cash to be caused by the Director Defendants to be paid by their directors' and officers' insurance carriers ("Director Defendants' Contribution") and from Defendant Sillerman an allowed general unsecured dischargeable claim in the amount of $750,000.00, not subject to objection, reduction or setoff, in favor of Lead Plaintiff and the Class Members, in Defendant Sillerman's bankruptcy proceeding ("Sillerman Contribution"). Please note, there is no certainty that the Sillerman Contribution will ever be paid or paid in full. Lead Plaintiff and the Director Defendants disagree on the potential liability of the Director Defendants and they do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff was to have prevailed at trial on each claim alleged. Lead Plaintiff and Lead Counsel (as defined below) believe that the proposed Settlement is an excellent recovery and is in the best interests of the Class (as defined below) in light of the risks associated with continuing to litigate and proceeding to trial.

The Class was certified by the District Court on February 4, 2019, and the Class definition was amended by the Court's Order Granting Preliminary Approval of Proposed Settlement and Providing for Notice to the Class dated ____________________, 2019 ("Preliminary Approval Order"). The Class is all persons or entities (other than those who timely and validly request exclusion from the Class) who purchased or otherwise acquired SFX common stock during the Class Period. Excluded from the Class are the officers and directors of SFX during the Class Period (including the Director Defendants, Mitchell Slater, Andrew Bazos, Joseph Rascoff, Edward Simon, Pasquale Manocchia, Howard Tytel, and Sheldon Finkel), members of their immediate families, and any entity in which they have or had a controlling interest, their respective legal representatives, heirs, successors, or assigns, and the Opt-Out Plaintiffs (the named plaintiffs in the action denominated: *Altimeo Invesissement, Altimeo Optimum, Edward S. Gutman, The Merger Fund, The Merger Fund VI, WCM Alternatives: Event Driven Fund, and WCM Master Trust v. Robert F.X. Sillerman, D. Geoff Armstrong, John Miller, Michael John Meyer, Andrew N. Bazos, Joseph R. Rascoff, Edward Simon and Pasquale Manocchia*, Index No. 651084/2016 (N.Y. Sup. Ct. N.Y. Co.): Altimeo Investissement, Altimeo Optimum, The Merger Fund, The Merger Fund VL, WCM Alternatives: Event Driven Fund, WCM Master Trust and Edward S. Gutman).

If the Settlement is approved by the District Court, Court-appointed Lead Counsel for Lead Plaintiff, Brower Piven, A Professional Corporation, 136 Madison Avenue, 5th Floor, New

York, NY 10016 ("Lead Counsel") will apply to the Court for an award of attorneys' fees not to exceed, in the aggregate, thirty-three and one third percent (33 1/3%) of the Director Defendants' Contribution and thirty-three and one third percent (33 1/3%) of the Sillerman Contribution, or portion(s) of the Sillerman Contribution paid, if or when paid into the Settlement Fund, plus reimbursement of Lead Counsel's reasonable out-of-pocket litigation and notice and settlement administration expenses as compensation for successfully prosecuting the Action. Lead Plaintiff may also seek an award of reasonable costs and expenses directly relating to its representation of the Class. You may contact the claims administrator, JND Legal Administration (the "Claims Administrator"), or a representative of Lead Counsel for further information about the Settlement. See below under "Further Information" for the contact information.

**Statement of Plaintiffs' Recovery** – The Settlement Fund consists of the Director Defendants' Contribution and the Sillerman Contribution, plus all interest earned thereon after payment of such funds into the Escrow Account. Based on Lead Counsel's estimate of the number of shares of stock that may have been damaged by the alleged misrepresentations, and assuming that all those shares participate in the Settlement, Lead Plaintiff estimates that the average recovery, based on 18,383,168 common shares, would be approximately $0.37 per share if the Sillerman Contribution is not paid and $0.41 if the Sillerman Contribution is paid. As described more fully in Lead Plaintiff's papers in support of the proposed Settlement and Plan of Allocation that will be filed before the deadlines for Class Members to request exclusion from the Class or object to the proposed Settlement and/or Plan of Allocation, Lead Plaintiff has obtained a Settlement that Lead Counsel estimates will result in a recovery, based on the statutory measures of damages permitted under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 and accounting for generally accepted principles of loss causation, for participating Class Members, before attorneys' fees, costs and expenses, of approximately 63% of the estimated likely recoverable damages if the Sillerman Contribution is paid and 57% if the Sillerman Contribution is not paid

Your recovery from this fund, however, will depend on a number of variables, including the number of shares of SFX common stock you purchased during the Class Period, the timing of your purchases and any sales, the number and amount of claims actually filed, the estimate of recoverable losses based on the analysis of Lead Plaintiff's damages consultant, as well as whether the Sillerman Contribution is ever paid or paid in full. You are advised to review the Plan of Allocation set forth on pages __ to __ below in the Notice to estimate potential individual recoveries, which provides the actual formulas that will be applied to claims submitted by each eligible individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and/or any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees ("Person") or entity ("Class Member(s)"). The estimates above are also before deduction of any Court-awarded attorneys' fees, out-of-pocket expenses, Lead Plaintiff's costs and expenses, and the cost of sending this Notice and administering and distributing the Settlement proceeds.

**Statement of Potential Outcome of Case** – Lead Plaintiff and the Director Defendants disagree on the potential liability of the Director Defendants and they do not agree on the

average amount of damages per share, if any, that would be recoverable if Lead Plaintiff was to have prevailed at trial on each claim alleged. The Director Defendants deny that they are liable in any respect or that Lead Plaintiff suffered any injury. The issues on which the parties disagree include: (1) whether any Director Defendant engaged in any conduct in violation of, or subject to challenge under, the federal securities laws; (2) the amounts by which shares of SFX common stock were allegedly artificially inflated (if at all) during the Class Period (as defined below); (3) the effect of various market forces influencing the trading price of SFX common stock at various times during the Class Period; (4) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of SFX common stock during the Class Period; (5) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were misrepresented or omitted influenced (if at all) the trading price of SFX common stock during the Class Period; (6) the impact, if any, of belated truthful discourse regarding the proposals to take SFX private; and (7) whether, even if liability could be proven, total damages would be greater than $0 and, if so, how much.

**Statement of Attorneys' Fees and Costs Sought** – Lead Counsel have committed a substantial amount of time prosecuting claims against the Director Defendants on behalf of Lead Plaintiff and the Class. In addition, they have not been reimbursed for out-of-pocket expenses. If the Settlement is approved by the District Court, Lead Counsel shall apply to the Court for an award of a reasonable percentage of the Settlement Fund not to exceed, in the aggregate, in the aggregate, thirty-three and one third percent (33 1/3%) of the Director Defendants' Contribution and thirty-three and one third percent (33 1/3%) of the Sillerman Contribution, or portion(s) of the Sillerman Contribution paid, if or when paid into the Settlement Fund, as attorneys' fees, plus reimbursement of Lead Counsel's reasonable out-of-pocket litigation of up to $______________ and Notice and settlement administration expenses. Lead Plaintiff may also seek an award of reasonable costs and expenses directly relating to its representation of the Class. If the amounts described above are requested and approved by the Court, and the Sillerman Contribution is paid, the average cost will be approximately $___ per share, and if the Sillerman Contribution is not paid, the average cost will be approximately $___ per share. In addition, Lead Counsel may apply to the District Court, from time to time, for their fees and expenses, including hourly time billing incurred solely for administration of the Settlement.

**Reasons for Settlement** – Lead Plaintiff believes that the proposed Settlement with the Director Defendants is an excellent recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on their claims against the Director Defendants, in which case the Class would receive nothing from the Director Defendants. Even if Lead Plaintiff prevailed on liability, the amount of damages recoverable by Class Members was and is challenged by the Director Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, the Director Defendants would have asserted that all or most of the losses of Class Members were caused by non-actionable conduct or market, industry, or general economic factors. Defendants would also assert, among other things, that their conduct complied with all applicable legal standards and they are liable for any violations of the federal securities laws. Moreover, here, the limited available Directors' and Officers' liability insurance was being depleted by continuing costs of litigation and the defense of the Director Defendants. Further, due to the SFX bankruptcy, no recovery could be

made from that entity, and with Defendant Sillerman still in bankruptcy, the ultimate recovery from that source is highly uncertain. Additionally, several other parties not involved in this Action have asserted claims against the Director Defendants, the defense of which would further deplete the available D&O insurance coverage and could result in judgments on settlements in other litigation that could diminish or exhaust the available D&O coverage and/or any other source of payment before a recovery could be made in the Action. These unique risks provided reasons for the Settlement.

**Further Information** – You may contact a representative of the Claims Administrator for further information about the Settlement by calling the following toll-free number: 1-8___-_________________. You also may email the Claims Administrator at the following email address: www._______________.com. Any written inquiries about the Action should be addressed to the Claims Administrator at:

*Guevoura Fund Ltd. v. Sillerman, et al.*
Claims Administrator
c/o JND Legal Administration
[address]

All Parties to this Action will file their papers in support of the proposed Settlement, the proposed Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses on or before _____________, 2019. You may review copies of those papers on or after ___________, 2019, by inspecting them either in the Office of the Clerk of the District Court at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007, or at www._______________.com, or by requesting, in writing, copies from the Claims Administrator listed above, by writing to *Guevoura Fund Ltd. v. Sillerman, et al.*, Claims Administrator, c/o JND Legal Administration, __________________.

## II. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on ___________, 2019, at ____ __.m. (Eastern Time), before the Honorable Colleen McMahon, Chief United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 ("Settlement Hearing"). The purpose of the Settlement Hearing will be: (1) to determine whether the Settlement should be approved as fair, reasonable, and adequate to the Class and the proposed Final Judgment entered; (2) to determine whether the proposed Plan of Allocation for the proceeds of the settlement is fair and reasonable, and should be approved by the District Court; (3) to determine whether any applications for attorneys' fees or expenses to Lead Counsel should be approved; (4) to determine whether any award of reasonable costs and expenses to Lead Plaintiff should be approved; and (5) to rule upon such other matters as the Court may deem appropriate. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## III. THE LITIGATION

The initial complaint in this consolidated litigation was filed on September 11, 2015. On

December 8, 2015, pursuant to the Private Securities Litigation Reform Act of 1995, the District Court consolidated the two pending actions alleging similar claims, appointed Guevoura Fund Ltd. as Lead Plaintiff, and approved Lead Plaintiff's selection of Brower Piven as Lead Counsel.

On December 23, 2015, Plaintiff filed a Consolidated Amended Class Action Complaint (the "Complaint"), which is the operative pleading. The Complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. The Complaint alleges that, during the Class Period, the Director Defendants engaged in a scheme to manipulate the market for SFX common stock in connection with purported proposals by Defendant Sillerman to buy SFX, and by issuing materially false and misleading statements in furtherance of that illicit scheme.

By Memorandum Decision and Order filed on September 12, 2016, the District Court denied, in their entirety, the Director Defendants' motions to dismiss the Complaint.

After the Director Defendants answered the Complaint, the parties determined to engage in non-binding mediation with the assistance of former U.S. District Judge Layn Phillips. An all-day mediation session occurred on April 18, 2017. After the mediation, the parties continued to work with Judge Phillips to seek a resolution. Although the parties were close to a resolution, their efforts ended when certain creditors filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Defendant Sillerman in the Bankruptcy Court on December 27, 2017. Defendant Sillerman responded by filing a motion to convert the involuntary Chapter 7 case to a voluntary Chapter 11 case, which the Bankruptcy Court granted by order dated March 1, 2018. Given Defendant Sillerman's contribution was a *sine qua non* of the preliminary settlement reached, his bankruptcy made further negotiation of the allocation of the preliminary settlement futile.

On September 25, 2018, Lead Plaintiff filed proofs of claim in the Sillerman Bankruptcy Proceeding on behalf of itself and the Class. On June 19, 2018, Lead Plaintiff timely filed a complaint commencing an adversary proceeding (the "Non-Dischargeability Action") in the Sillerman Bankruptcy Proceeding seeking, *inter alia*, a determination that Defendant Sillerman's indebtedness to Lead Plaintiff and the Class constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523 in that Defendant Sillerman's liability to Lead Plaintiff and Class is grounded in violations of the federal securities laws.

On October 22, 2018, Lead Plaintiff filed a motion in the District Court to withdraw the bankruptcy reference with regard to the Non-Dischargeability Action, which Defendant Sillerman opposed. On December 3, 2018, the District Court granted Lead Plaintiff's motion to withdraw the bankruptcy reference of the Non-Dischargeability Action. On October 30, 2018, Defendant Sillerman filed an answer to the complaint in the Non-Dischareability Action denying all allegations of wrongdoing and asserting defenses to Lead Plaintiff's claims asserted on behalf of itself and the Class. Following a conference with the District Court on December 20, 2018, on December 21, 2018, the District Court entered an order consolidating the Class Action and the Non-Dischargeability Action, and set a pretrial schedule that contemplated trial of both actions in September 2019.

Following expedited class discovery, including Lead Plaintiff's document production, submission of its market expert's report, and the deposition of its representative, on February 4, 2019, by stipulation of the parties, the Court certified the Class, appointed Lead Plaintiff as the Class representative and Brower Piven as Class Counsel. Through the course of the litigation, Lead Counsel thoroughly reviewed thousands of pages of publicly available documents, including, among other things, U.S. Securities & Exchange Commission and other regulatory filings, media reports, and analyst reports. Lead Counsel also consulted with several expert consultants, including extensive consultations with their economic, financial and damages experts. Lead Counsel further conducted an extensive factual investigation and discovery. In addition to requesting and receiving documents from SFX and the Director Defendants, Lead Counsel subpoenaed nine third parties for documents and began to review the thousands of documents provided by SFX, the Director Defendants and the third parties.

On February 25, 2019, the parties participated in a settlement conference with Magistrate Judge Ona T. Wang, but did not reach a resolution. The parties had a number of telephone calls and electronic communications over the course of the next two weeks concerning a possible settlement. On March 12, 2019, the parties reached the global settlement, which also included settlements with the SFX Litigation Trustee, who was appointed in connection with the confirmed plan of reorganization in the SFX bankruptcy proceeding for the purpose of pursuing certain claims of SFX primarily against Defendant Sillerman, and the Opt-Out Plaintiffs.

Subsequently, counsel for Lead Plaintiff and the Director Defendants continued negotiations resulting in the terms and conditions set forth in the Stipulation.

## IV. CLAIMS OF THE CLASS AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Action against the Director Defendants have merit and that the evidence developed to date supports those claims. However, Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Director Defendants through trial and through appeals. Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation, as well as the difficulties of recovering from Defendant Sillerman through the Sillerman Bankruptcy Proceeding or thereafter. Lead Plaintiff and its counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Action. Lead Plaintiff and its counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiff and its counsel have determined that the settlement set forth in the Stipulation is in the best interests of Lead Plaintiff and the Class.

## V. DIRECTOR DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Director Defendants have denied and continue to deny each and all of the claims alleged in the Action. The Director Defendants, however, recognize the uncertainty and the risk inherent in any litigation, especially complex securities litigation, and the difficulties and substantial burdens, expense, and length of time that may be necessary to defend the Action

through the conclusion of discovery, summary judgment motions, trial, post-trial motions, and appeals. The Director Defendants have therefore determined to settle the Action on the terms and conditions set forth in the Stipulation and to put the Released Claims (as defined on pages ____) to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages to Lead Plaintiff and the Class.

## VI. TERMS OF THE PROPOSED SETTLEMENT

The Director Defendants have, or will cause to be paid, $6,750,000.000 million in cash into an Escrow Account by the Director Defendants' directors' and officers' insurance carriers, which will earn interest for the benefit of the Class, pursuant to the terms of the Stipulation, until distributed to eligible claiming Class Members. Furthermore, Defendant Sillerman has agreed to the $750,000.00 Sillerman Contribution in the form of an allowed general unsecured claim not subject to objection, reduction or setoff in favor of Lead Plaintiff and the Class in Defendant Sillerman's bankruptcy proceeding. As the outcome of Defendant Sillerman's bankruptcy proceeding is uncertain, there is no certainty that the Sillerman Contribution will ever be paid or paid in full. In exchange for such payments, the Releasing Parties fully, finally and forever release, relinquish and discharge the Released Claims against the Released Parties (as defined on page __). The Released Parties fully, finally and forever release, relinquish and discharge the Released Defendants' Claims (as defined on page __) against Lead Plaintiff and/or Lead Counsel and against any other of the Released Parties (as defined on page ___). A portion of the Settlement Fund will be used for certain administrative expenses, including the costs of printing and mailing this Notice, the cost of publishing notices, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained herein, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel for attorneys' fees and expenses, and to Lead Plaintiff for reasonable costs and expenses. The Settlement Fund less (i) any Court-awarded attorneys' fees, costs, and expenses; (ii) any Court-awarded reasonable costs and expenses to Lead Plaintiff; (iii) notice and administration costs; (iv) taxes and tax expenses; and (v) other Court-approved deductions that occur before distribution of the proceeds of the settlement to the Class ("Net Settlement Fund"), will be distributed to any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimant") according to the Plan of Allocation described below.

## VII. REQUESTING EXCLUSION FROM THE CLASS

If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded. To do so, you must send a letter, postmarked no later than **[OPT OUT DEADLINE]**. In this letter, you must set forth: (a) your name, current address, and day-time and evening telephone numbers; (b) the dates of all your purchases and/or sales of SFX common stock during the Class Period; (c) the number of shares purchased and/or sold on each such date; (d) the prices paid and/or received for all such shares on each such date; and (e) a clear and unambiguous statement that you wish to be excluded from the Class. The request for exclusion should be addressed as follows:

*Guevoura Fund Ltd. v. Sillerman, et al.*
Claims Administrator
c/o JND Legal Administration
[address]

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST. NO FURTHER OPPORTUNITY TO REQUEST EXCLUSION WILL BE GIVEN IN THIS ACTION.

If you validly request exclusion from the Class: (a) you will be excluded from the Class; (b) you shall have no rights under the Stipulation; (c) you shall not be entitled to submit any Proof of Claim forms; (d) you will not share in the proceeds of the Settlement described herein; (e) you will not be bound by any judgment entered in the Action; and (f) you will not be precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against the Director Defendants based on the matters complained of in the Action.

If you choose to be excluded from the Class, you will retain any right you have to individually pursue any legal rights that you may have against any of the Director Defendants with respect to the claims asserted in the Action. Please note that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by the applicable statute of repose. If you wish to opt-out to pursue a separate recovery against the Director Defendants, before seeking to opt-out, you are urged to consult counsel at your own expense to determine whether any such separate action can still be timely pursued on your behalf.

## VIII. THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you have the following options:

1. You may file a Proof of Claim. If you submit a Proof of Claim, you will share in the proceeds of the proposed Settlement if your claim is valid and if the proposed settlement is finally approved by the Court. In addition, you will be bound by the Final Judgment and release described below.

2. If you have not timely and validly requested exclusion from the Class, you may object to the Settlement. However, if your objection is rejected, you will be bound by the Settlement and the Final Judgment just as if you had not objected.

3. You may do nothing at all. If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court in connection with the Settlement, and you shall be deemed to have, and by operation of the Final Judgment shall have, fully released all of the Released Claims against the Released Parties.

4. If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense. If you do not do so, you will be represented by Lead Counsel:

David A.P. Brower
**BROWER PIVEN**
**A Professional Corporation**
136 Madison Avenue, 5th Floor
New York, NY 10016

*Lead Counsel*

You will not be charged personally for the services of Lead Counsel.

## IX. PLAN OF ALLOCATION

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate cause of the alleged wrongdoing. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas (the "Recognized Loss") described below. The calculation of Recognized Loss depends upon several factors, including: when shares of SFX common stock were purchased during the Class Period and for what price; whether those shares were sold, and if sold, when and for what price. The Recognized Loss calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the Recognized Loss calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

In developing the Plan of Allocation, Lead Plaintiff consulted with their damages consultant who had reviewed publicly available information regarding SFX and performed statistical analyses of the price movements of SFX common stock and the price performance of relevant market and peer indices during the Class Period. The damages consultant isolated the losses in SFX common stock that were caused by the alleged violations of the federal securities laws, eliminating losses attributable to market factors, industry factors, or Company-specific factors unrelated to the alleged violations of law. Lead Counsel further refined these calculations to account for the strength of the claims asserted in the Action. The Plan of Allocation, however, is not a formal analysis of damages.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected a defendant's previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, SFX shares purchased during the Class Period must have been held during a period of time in which the price of the shares declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Lead Counsel, in consultation with their damages consultant, has determined that such disclosures occurred on August 14, 2015 and November 17, 2015 (the "Corrective Disclosure Dates"). Accordingly, if a share of SFX common stock was sold before August 14, 2015 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of SFX common stock was both purchased and subsequently sold between the Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

Based on Lead Plaintiff's allegations, the Recognized Loss calculation assumes that the Director Defendants' manipulative and deceptive practices and false and misleading statements and omissions caused the price of SFX common stock to be artificially inflated throughout the Class Period. Lead Counsel, in consultation with their damages consultant, has determined that Defendants' alleged misrepresentations on February 25, 2015, May 26, 2015 and October 16, 2015 introduced incremental artificial inflation in the price of SFX common stock. The computation of the estimated alleged artificial inflation in the price of SFX common stock during the Class Period is based on the stock price change, net of market- and industry-wide factors, in reaction to these alleged misrepresentations, as well as to the alleged Corrective Disclosures on August 14, 2015 and November 17, 2015. The estimated alleged artificial inflation in the price of SFX common stock during the Class Period is reflected in Table 1 below.

**Table 1**
**Artificial Inflation in SFX Common Stock**

| From | To | Per-Share Price Inflation |
|---|---|---|
| February 25, 2015 | May 25, 2015 | $0.39 |
| May 26, 2015 | August 13, 2015 | $0.71 |
| August 14, 2015 | October 15, 2015 | $0.16 |
| October 16, 2015 | November 16, 2015 | $0.29 |
| November 17, 2015 | November 17, 2015 | $0.20 |
| November 18, 2015 | November 18, 2015 | $0.16 |
| November 19, 2015 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for SFX common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on shares purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such shares and the average price of SFX common stock during the 90-Day Lookback Period. The Recognized Loss on SFX common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such shares and the rolling average

price of SFX common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

**Substantiation of Claims**

A Recognized Loss will be calculated as set forth below for each purchase or acquisition of SFX shares that is listed in the accompanying Claim Form and for which adequate documentation is provided. Lead Counsel or the Claims Administrator my request additional documentation to support a claim. The failure to provide the requested information or otherwise satisfy Lead Plaintiff and the Claims Administrator regarding the *bone fides* of a claim will result in the rejection, in whole or in part, of any such claim.

**Calculation of Recognized Losses**

In the calculation of Recognized Losses, all purchases and sales shall exclude any fees, taxes and commissions incurred in connection with such purchases and sales. Any transactions in SFX common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

Purchases or acquisitions and sales of SFX shares shall be deemed to have occurred on the "trade" date as opposed to the "settlement" date. The receipt or grant by gift, inheritance or operation of law of SFX shares during the Class Period shall not be deemed a purchase, acquisition or sale of these shares for the calculation of a Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares *unless* (i) the donor or decedent purchased or otherwise acquired such SFX shares during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such SFX shares.

**Recognized Loss Formulas**

For each share of SFX common stock purchased or otherwise acquired by a Class Member during the Class Period, the Recognized Loss per share shall be calculated as follows:

I. For each share of SFX common stock purchased during the period February 25, 2015 through May 25, 2015, inclusive,

   a. that was sold prior to August 14, 2015, the Recognized Loss per share is $0.00.

   b. that was sold during the period August 14, 2015 through October 15, 2015, inclusive, the Recognized Loss per share is *the lesser of*

      i. $0.23; or

      ii. the purchase price *minus* the sale price.

c. that was sold during the period October 16, 2015 through November 16, 2015, inclusive, the Recognized Loss per share is *the lesser of*

   i. $0.10; or

   ii. the purchase price *minus* the sale price.

d. that was sold on November 17, 2015, the Recognized Loss per share is *the lesser of*

   i. $0.19; or

   ii. the purchase price *minus* the sale price; or

   iii. the purchase price minus $0.44 (*i.e.*, the "90-Day Lookback Value" for November 17, 2015 as appears in Table 2 below).

e. that was sold on November 18, 2015, the Recognized Loss per share is *the lesser of*

   i. $0.23; or

   ii. the purchase price *minus* the sale price; or

   iii. the purchase price minus $0.42 (*i.e.*, the "90-Day Lookback Value" for November 18, 2015 as appears in Table 2 below).

f. that was sold during the period November 19, 2015 through February 12, 2016, inclusive , the Recognized Loss per share is *the lesser of*

   i. $0.39; or

   ii. the purchase price *minus* the sale price; or

   iii. the purchase price minus the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

g. that was still held as of the close of trading on February 12, 2016 (*i.e.*, held through the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*

   i. $0.39; or

   ii. the purchase price minus the average closing price for SFX common stock during the 90-Day Lookback Period, which is $0.20.

II. For each share of SFX common stock purchased during the period May 26, 2015 through August 13, 2015, inclusive,

a. that was sold prior to August 14, 2015, the Recognized Loss per share is $0.00.

b. that was sold during the period August 14, 2015 through October 15, 2015, inclusive, the Recognized Loss per share is *the lesser of*

   i. $0.55; or

   ii. the purchase price *minus* the sale price.

c. that was sold during the period October 16, 2015 through November 16, 2015, inclusive, the Recognized Loss per share is *the lesser of*

   i. $0.42; or

   ii. the purchase price *minus* the sale price.

d. that was sold on November 17, 2015, the Recognized Loss per share is *the lesser of*

   i. $0.51; or

   ii. the purchase price *minus* the sale price; or

   iii. the purchase price minus $0.44 (*i.e.*, the “90-Day Lookback Value” for November 17, 2015 as appears in Table 2 below).

e. that was sold on November 18, 2015, the Recognized Loss per share is *the lesser of*

   i. $0.55; or

   ii. the purchase price *minus* the sale price; or

   iii. the purchase price minus $0.42 (*i.e.*, the “90-Day Lookback Value” for November 18, 2015 as appears in Table 2 below).

f. that was sold during the period November 19, 2015 through February 12, 2016, inclusive, the Recognized Loss per share is *the lesser of*

   i. $0.71; or

   ii. the purchase price *minus* the sale price; or

   iii. the purchase price minus the “90-Day Lookback Value” on the date of sale as appears in Table 2 below.

g. that was still held as of the close of trading on February 12, 2016 (*i.e.*, held through the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*

  i. $0.71; or

  ii. the purchase price minus the average closing price for SFX common stock during the 90-Day Lookback Period, which is $0.20.

III. For each share of SFX common stock purchased during the period August 14, 2015 through October 15, 2015, inclusive,

a. that was sold prior to November 19, 2015, the Recognized Loss per share is $0.00.

b. that was sold during the period November 19, 2015 through February 12, 2016, inclusive, the Recognized Loss per share is *the lesser of*

  i. $0.16; or

  ii. the purchase price *minus* the sale price; or

  iii. the purchase price minus the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

c. that was still held as of the close of trading on February 12, 2016 (*i.e.*, held through the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*

  i. $0.16; or

  ii. the purchase price minus the average closing price for SFX common stock during the 90-Day Lookback Period, which is $0.20.

IV. For each share of SFX common stock purchased during the period October 16, 2015 through November 16, 2015, inclusive,

a. that was sold prior to November 17, 2015, the Recognized Loss per share is $0.00.

b. that was sold on November 17, 2015, the Recognized Loss per share is *the lesser of*

  i. $0.09; or

  ii. the purchase price *minus* the sale price; or

  iii. the purchase price minus $0.44 (*i.e.*, the "90-Day Lookback Value" for November 17, 2015 as appears in Table 2 below).

c. that was sold on November 18, 2015, the Recognized Loss per share is *the lesser of*

i. $0.13; or

ii. the purchase price *minus* the sale price; or

iii. the purchase price minus $0.42 (*i.e.*, the "90-Day Lookback Value" for November 18, 2015 as appears in Table 2 below).

d. that was sold during the period November 19, 2015 through February 12, 2016, inclusive, the Recognized Loss per share is *the lesser of*

i. $0.29; or

ii. the purchase price *minus* the sale price; or

iii. the purchase price minus the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

e. that was still held as of the close of trading on February 12, 2016 (*i.e.*, held through the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*

i. $0.29; or

ii. the purchase price minus the average closing price for SFX common stock during the 90-Day Lookback Period, which is $0.20.

V. For each share of SFX common stock purchased on November 17, 2015,

a. that was sold prior to November 18, 2015, the Recognized Loss per share is $0.00

b. that was sold on November 18, 2015, the Recognized Loss per share is *the lesser of*

i. $0.04; or

ii. the purchase price *minus* the sale price; or

iii. the purchase price minus $0.42 (*i.e.*, the "90-Day Lookback Value" for November 18, 2015 as appears in Table 2 below).

c. that was sold during the period November 19, 2015 through February 12, 2016, inclusive, the Recognized Loss per share is *the lesser of*

i. $0.20; or

ii. the purchase price *minus* the sale price; or

iii. the purchase price minus the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

d. that was still held as of the close of trading on February 12, 2016 (*i.e.*, held through the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*

i. $0.20; or

ii. the purchase price minus the average closing price for SFX common stock during the 90-Day Lookback Period, which is $0.20.

VI. For each share of SFX common stock purchased on or after November 18, 2015, the Recognized Loss per share is $0.00.

**Table 2**
**90-Day Lookback Values**

| Sale Date | 90-Day Lookback Value | Sale Date | 90-Day Lookback Value | Sale Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 11/17/2015 | $0.44 | 12/16/2015 | $0.30 | 1/15/2016 | $0.26 |
| 11/18/2015 | $0.42 | 12/17/2015 | $0.30 | 1/19/2016 | $0.25 |
| 11/19/2015 | $0.36 | 12/18/2015 | $0.30 | 1/20/2016 | $0.25 |
| 11/20/2015 | $0.33 | 12/21/2015 | $0.30 | 1/21/2016 | $0.25 |
| 11/23/2015 | $0.32 | 12/22/2015 | $0.30 | 1/22/2016 | $0.24 |
| 11/24/2015 | $0.32 | 12/23/2015 | $0.30 | 1/25/2016 | $0.24 |
| 11/25/2015 | $0.32 | 12/24/2015 | $0.30 | 1/26/2016 | $0.24 |
| 11/27/2015 | $0.31 | 12/28/2015 | $0.30 | 1/27/2016 | $0.24 |
| 11/30/2015 | $0.31 | 12/29/2015 | $0.30 | 1/28/2016 | $0.23 |
| 12/1/2015 | $0.30 | 12/30/2015 | $0.29 | 1/29/2016 | $0.23 |
| 12/2/2015 | $0.30 | 12/31/2015 | $0.29 | 2/1/2016 | $0.23 |
| 12/3/2015 | $0.29 | 1/4/2016 | $0.29 | 2/2/2016 | $0.22 |
| 12/4/2015 | $0.29 | 1/5/2016 | $0.29 | 2/3/2016 | $0.22 |
| 12/7/2015 | $0.29 | 1/6/2016 | $0.29 | 2/4/2016 | $0.22 |
| 12/8/2015 | $0.30 | 1/7/2016 | $0.28 | 2/5/2016 | $0.22 |
| 12/9/2015 | $0.30 | 1/8/2016 | $0.28 | 2/8/2016 | $0.21 |
| 12/10/2015 | $0.30 | 1/11/2016 | $0.27 | 2/9/2016 | $0.21 |
| 12/11/2015 | $0.30 | 1/12/2016 | $0.27 | 2/10/2016 | $0.21 |
| 12/14/2015 | $0.30 | 1/13/2016 | $0.27 | 2/11/2016 | $0.20 |

| | | | | | |
|---|---|---|---|---|---|
| 12/15/2015 | $0.30 | 1/14/2016 | $0.26 | 2/12/2016 | $0.20 |

**An Authorized Claimant's total Recognized Loss is the sum total of his, her or its per share Recognized Loss for each SFX share purchased during the Class Period.**

For purposes of determining whether a Claimant has a Recognized Loss, sales of SFX shares will be matched to prior share purchases on a first-in-first-out ("FIFO") basis. Specifically, sales will be matched in chronological order, by trade date, first against SFX common stock held as of the close of trading on February 24, 2015 (the last day before the Class Period begins) and then against the purchases of SFX common stock during the Class Period. To the extent that a calculation of a Recognized Loss per share results in zero or a negative number, that number shall be set to zero.

If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $5.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $5.00, it will not be included in the calculation (*i.e.*, the Recognized Loss will be deemed to be zero) and no distribution will be made to that Authorized Claimant. Any prorated amounts of less than $5.00 will be included in the pool distributed to those whose prorated payments are $5.00 or greater.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, the Director Defendants, the Director Defendants' Counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, the Director Defendants and their respective counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of taxes; or any losses incurred in connection therewith.

## X. PARTICIPATION IN THE SETTLEMENT

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN A VALID PROOF OF CLAIM IN CONNECTION WITH THIS SETTLEMENT.

**A Proof of Claim is being sent with this Notice. If you are a Class Member and need an additional Proof of Claim, copies may be obtained by telephoning the Claims Administrator, ______________________, toll-free at 1-8___-______________ or by downloading the form on the internet at _________________.com.**

The Proof of Claim, with all supporting documents (DO NOT SEND ORIGINALS), must be postmarked no later than [**CLAIM DEADLINE]**, and delivered to the Claims Administrator at the address below. DO NOT SEND a Proof of Claim to counsel for the Parties or the Court.

*Guevoura Fund Ltd. v. Sillerman, et al.*
Claims Administrator
c/o JND Legal Administration
[address]

Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payment from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Final Judgment, including the releases of liability herein. The Court may disallow or adjust the claim of any Class Member. Each claimant will be deemed to have submitted to the jurisdiction of the District Court with respect to his, her, or its Proof of Claim.

## XI. DISMISSAL AND RELEASES

If the proposed settlement is approved, the District Court will enter a Final Judgment and Order of Dismissal ("Final Judgment"). Under the Final Judgment, the Releasing Parties fully, finally and forever release, relinquish and discharge the Released Claims against the Released Parties. The Released Parties fully, finally and forever release, relinquish and discharge the Released Defendants' Claims against Lead Plaintiff and/or its attorneys.

"Released Claims" means any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability and including any claims for violations of Fed. R. Civ. P. 11), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including without limitation the federal securities laws and the claims alleged in the Non-Dischargeability Action, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct,

indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Lead Plaintiff and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of SFX common stock, ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that (i) have been asserted in this Action and the Non-Dischargeability Action by the Lead Plaintiff and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Lead Plaintiff or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, the complaint in the Non-Dischargeability Action or relate to the purchase, acquisition, transfer, holding, ownership, disposition, or sale of SFX common stock during the Class Period. Released Claims does not include claims relating to the enforcement of the Settlement or the terms of this Stipulation. For the avoidance of doubt, nothing in this Stipulation or this release releases the Director Defendants from their obligations under this Stipulation or their liability for breach of any term, warranty, or representation in this Stipulation.

"Released Defendants' Claims" means any and all claims, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation (including any claims for violations of Fed. R. Civ. P. 11), including both known claims and Unknown Claims, that have been or could have been asserted in the Action, the Non-Dischargeability Action or any forum by the Released Parties, or any of them, or the successors and assigns of any of them against Lead Plaintiff or its attorneys, or against any other of the Released Parties, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action and the Non-Dischargeability Action. Released Defendants' Claims does not include claims relating to the enforcement of the Settlement or the terms of this Stipulation.

"Released Parties" means each of the Director Defendants, Mitchell Slater, Andrew Bazos, Joseph Rascoff, Edward Simon, Pasquale Manocchia, Howard Tytel, and Sheldon Finkel, and their and SFX's respective present and former direct and indirect parents, subsidiaries, divisions, and affiliates, and any of their present and former officers, directors, members, general partners, limited partners, employees, agents, representatives, attorneys, advisors, associates, associations, fiduciaries, sureties, insurers (including but not limited to the Insurance Carriers) and reinsurers, shareholders, auditors and accountants, financial advisors and investment banks, predecessors, heirs, estates consultants, successors and assigns of each of them, and any other person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the foregoing, and anyone acting in concert with any of them.

"Releasing Parties" means Lead Plaintiff and each of the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors.

"Unknown Claims" means any and all Released Claims which any Releasing Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that the Lead Plaintiff expressly waives, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff, as a Class representative, acknowledges that members of the Class may discover facts in addition to or different than those that they now know or believe to be true with respect to the subject matter of the release herein, but that it is its intention, on behalf of the Class, to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Lead Plaintiff also acknowledges, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## XII. APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request an award of a reasonable percentage of the Settlement Fund not to exceed, in the aggregate, thirty-three and one third percent (33 1/3%) of the Director Defendants' Contribution and one third percent (33 1/3%) of the Sillerman Contribution, or portion(s) of the Sillerman Contribution paid, if or when paid into the Settlement Fund, and up to $_______________ for reimbursement of Lead Counsel's reasonable out-of-pocket litigation expenses and Notice and settlement administration expenses. Lead Plaintiff may also seek an award of reasonable costs and expenses directly relating to its representation of the Class. Lead Counsel's fee application will be filed with the Court on [**FILING DATE**]. All such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees, costs, or expenses.

Lead Counsel have committed a substantial amount of time prosecuting claims on behalf of Lead Plaintiff and the Class. In addition, they have not been reimbursed for any of their costs and expenses. The amounts requested by Lead Counsel will compensate counsel for their efforts in achieving the Settlement for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis. The amount to be requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigations of this type. Lead Counsel may thereafter from time to time apply to the District Court, without further notice to the Class, for an additional award of attorneys' fees and costs incurred in connection with administering the Settlement.

In addition to Lead Counsel's fees and litigation expenses, expenses will be incurred in connection with providing notice to the Class, processing Proofs of Claims, and distributing the Net Settlement Fund, and those amounts approved by the District Court will be deducted from the Settlement Fund. Pending any unforeseen circumstances, the Claims Administrator estimates that the cost of administration of this Settlement will be approximately $125,000.00. That amount is a good faith estimate and may be higher or lower depending on numerous factors, including, but not limited to the number of claims submitted and the efforts necessary to cure deficient claims and/or obtain necessary documentation from claiming Class Members to calculate their claims. The Claims Administrator may apply, from time to time, without further notice to the Class for payment of its fees and expenses incurred in providing notice to the Class, administering the Settlement and distributing the proceeds of the Settlement and any such applications will require the approval of Lead Counsel and the District Court.

## XIII. CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the preliminary approval order; (2) that the Stipulation not be terminated pursuant to its terms; (3) entry of the Final Judgment by the Court, as provided for in the Stipulation; and (4) expiration of the time to appeal from or alter or amend the Final Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met or the Stipulation otherwise does not become effective or, under certain specified conditions, the Stipulation is terminated and, thereby, becomes null and void, the parties to the Stipulation will be restored to their respective positions as of the date the Stipulation was executed.

## XIV. THE RIGHT TO OBJECT AND BE HEARD AT THE HEARING

Any Class Member who has not excluded himself, herself, or itself from the Class can object to the Settlement, or any part of it, and/or the application by Lead Counsel for attorneys' fees and expenses, and/or Lead Plaintiff's request for an award of reasonable costs and expenses. To object, any such Person and entity must submit a written objection and copies of any papers and briefs so they are received on or before [**OBJECTION DEADLINE**], by each of the following:

David A.P. Brower
BROWER PIVEN
A Professional Corporation
136 Madison Avenue
5th Floor
New York, NY 10016

*Lead Counsel*

Aaron F. Miner
Daphne Morduchowitz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019

*Counsel for Defendants D. Geoffrey Armstrong, John Miller and Michael John Meyer*

Sanford P. Rosen
ROSEN & ASSOCIATES, P.C.
747 Third Avenue
New York, NY 10017

*Counsel for Defendant Robert F.X. Sillerman*

Any written objection must demonstrate the objecting Person's or entity's membership in the Class, including the dates of all such Class Member's purchases and/or sales of SFX common stock during the Class Period, the number of shares purchased and/or sold on each such date, and the prices paid and/or received for all such shares on each such date. Only Class Members who have submitted written objections in this manner will be entitled to be heard at the Settlement Hearing, unless the District Court orders otherwise. Persons and entities that intend to object to the Settlement and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.

If you wish to attend the Settlement Hearing in person and speak to the Court, you must ask the Court for permission. To do so, you must submit a written statement noting your intention to appear at the Settlement Hearing to the persons noted above so that it is received on or before [**OBJECTION DATE**].

## XV. SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased SFX common stock from February 25, 2015 through and including November 17, 2015, for the beneficial interest of a person or entity other than yourself, **THE DISTRICT COURT HAS DIRECTED THAT WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE FROM THE CLAIMS ADMINISTRATOR**, **ALL SECURITIES BROKERS AND OTHER NOMINEES** either (a) provide to the Claims Administrator identified below, the name and last known address of each person or entity for whom or which you purchased SFX common stock during such time period or (b) request additional copies of this Notice, which will be provided to you free of charge, and within seven calendar (7) days after receipt of such additional copies of this Notice from the Claims Administrator, mail the Notice directly to the beneficial owners of the SFX common stock. If you select option (a) above, the Claims Administrator will cause copies of this Notice to be forwarded to the beneficial owners of the common stock referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Guevoura Fund Ltd. v. Sillerman, et al.*
Claims Administrator
c/o JND Legal Administration
[address]

You are entitled to reimbursement for your reasonable and necessary expenses actually incurred in complying with the foregoing, including reimbursement of reasonable postage expenses and the reasonable costs of obtaining the names and addresses of beneficial owners. Those reasonable expenses and costs will be paid upon request and submission of appropriate supporting documentation. All requests for reimbursement should be sent to the Claims Administrator.

## XVI. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007 or at www.___________________.

If you have any questions about the Settlement, you may contact a representative of the Claims Administrator by calling the following toll-free number: 1-8___-______________. You also may email the Claims Administrator at the following email address: delivered or post-marked no later than seventy-five (75) calendar days after the entry of the Preliminary Approval Order to ___________________. Any written inquiries about the Action should be addressed to the Claims Administrator at:

*Guevoura Fund Ltd. v. Sillerman, et al*.
Claims Administrator
c/o JND Legal Administration
[address]

***PLEASE DO NOT CONTACT THE DISTRICT COURT OR THE DIRECTOR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.***

Dated: ____________________, 2019

BY THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUEVOURA FUND LTD., On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F.X. SILLERMAN, D. GEOFFREY ARMSTRONG, JOHN MILLER and MICHAEL JOHN MEYER,<br><br>Defendants. | **Case No. 1:15-cv-07192-CM**<br><br>**Case No. 1:18-cv-09784-CM** |

**[PROPOSED] SUMMARY PUBLICATION NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES, AND FINAL SETTLEMENT HEARING**

**To: All persons or entities who purchased or otherwise acquired SFX Entertainment, Inc. ("SFX") common stock during the period between February 25, 2015 and November 17, 2015, inclusive ("Class Period").**

This Summary Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("District Court"), dated _________________, 2019. The purpose of this Summary Publication Notice is to inform you of the proposed settlement of the above-entitled actions (the "Action") against defendants D. Geoffrey Armstrong, John Miller, Michael John Meyer, and Robert F.X. Sillerman ("Sillerman") (collectively, "Director Defendants").

A settlement hearing will be held before the Honorable Colleen McMahon, Chief United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, at _______o'clock _.m. on ____________________ in order: (1) to determine whether the proposed Settlement consisting of $6,750,000.00 (U.S.) in cash to be caused by the Director Defendants to be paid by their directors' and officers' insurance carriers ("Director Defendants' Contribution") and from Defendant Sillerman an allowed general unsecured dischargeable claim in the amount of $750,000.00, not subject to objection, reduction or setoff, in favor of Lead Plaintiff and the Class Members, in Defendant Sillerman's bankruptcy proceeding ("Sillerman Contribution") should be approved as fair, reasonable, and adequate to the Class and the proposed Final Judgment entered; (2) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court; (3) to determine whether the application by Lead Counsel for an award of attorneys' fees not to exceed, in the aggregate, thirty-three and one third percent (33 1/3%) of the Director Defendants' Contribution and thirty-three and one third percent (33 1/3%) of the

Sillerman Contribution, or portion(s) of the Sillerman Contribution paid, if and/or when paid into the Settlement Fund, plus reimbursement of Lead Counsel's reasonable out-of-pocket litigation and notice and settlement administration expenses should be approved; (4) to determine whether an award of reasonable costs and expenses to Lead Plaintiff directly relating to its representation of the Class should be approved; and (5) to rule upon such other matters as the Court may deem appropriate.

If you purchased or otherwise acquired SFX common stock from February 25, 2015 through and including November 17, 2015, and are not otherwise excluded from the Class, you are a Class Member. Excluded from the Class are the officers and directors of SFX during the Class Period (including the Director Defendants, Mitchell Slater, Andrew Bazos, Joseph Rascoff, Edward Simon, Pasquale Manocchia, Howard Tytel, and Sheldon Finkel), members of their immediate families, any entity in which they have or had a controlling interest, and their respective legal representatives, heirs, successors or assigns; the named plaintiffs in the action denominated: *Altimeo Invesissement, Altimeo Optimum, et al. v. Robert F.X. Sillerman, et al.*, Index No. 651084/2016 (N.Y. Sup. Ct. N.Y. Co.); and any Class Members who do not timely and properly request exclusion from the Class. Class Members who do not timely and properly request exclusion from the Class will be bound by the Final Judgment of the District Court. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim postmarked no later than [CLAIM FILING DEADLINE], establishing that you are entitled to recovery. A Proof of Claim is being sent with this Notice. If you are a Class Member and need an additional Proof of Claim, copies may be obtained by telephoning the Claims Administrator at [INSERT TELEPHONE NUMBER] or by downloading the form on the internet at www.______________.com.

If you do not wish to be included in the Class, you do not wish to participate in the Settlement and you do not wish to receive a distribution from the Net Settlement Fund, you may request to be excluded, in the manner set forth in the full Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Settlement Hearing ("Notice"), no later than [OPT OUT DEADLINE]. If you are a Class Member and do not timely and validly request exclusion from the Class, and you wish to object to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and/or reimbursement of expenses, and/or Lead Plaintiff's request for an award of reasonable costs and expenses, you may submit a written objection. If you are a Class Member and do not timely and validly request exclusion from the Class, your rights may be affected by the settlement of this litigation, including the release and extinguishment of claims you may possess relating to your purchase or acquisition of SFX common stock during the Class Period. You also may, but are not required to, appear at the Settlement Hearing. You must file and serve your written objection, in the manner specifically set forth in the Notice, no later than [OBJECTION DEADLINE].

This Summary Notice is only a summary of information regarding the Action, and the Settlement. You are urged to obtain a copy of the full, detailed Notice, which includes, among other things, a description of: (1) the litigation in the Action prior to the Settlement; (2) the terms of the proposed Settlement; (3) the benefits of the Settlement to the Class; (4) the Plan of Allocation for the proceeds of the Settlement; (5) the rights of Class Members; (6) the release of claims against the Director Defendants; (7) the application for an award of attorneys' fees and expenses; (8) a request by Lead Plaintiff for reasonable costs and expenses directly relating to its

representation of the Class; and (9) additional details concerning the Settlement Hearing, excluding oneself from the Class and/or objecting to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and/or reimbursement of expenses, including the procedures that MUST be followed for Class Members to request exclusion from the Class or to object to the Settlement, the Plan of Allocation and/or application for attorneys' fees and/or reimbursement of expenses.

To obtain a copy of the full Notice may be accessed at: www.______________.com, and for additional information, you may contact ___________________, the Claims Administrator, at the following address:

*Guevoura Fund Ltd. v. Sillerman, et al.*
Claims Administrator
c/o JND Legal Administration
[address]

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

Dated: _______________, 2019

Honorable Colleen McMahon
Chief United States District Judge

# EXHIBIT A-3

**Must be Postmarked No Later Than __________, 2019**

***Guevoura Fund Ltd. v. Sillerman, et al.***
**Claims Administrator**
**c/o JND Legal Administration**
**PO Box ______**
____________________

C
**CLAIMANT IDENTIFICATION:**

Claim Number:

Control Number:

# PROOF OF CLAIM AND RELEASE

***THIS PROOF OF CLAIM MUST BE MAILED TO THE ADDRESS ABOVE AND POSTMARKED NO LATER THAN _________, 2019.***

*Please print clearly in black ink.*

To recover as a member of the Class based on your claims in the actions entitled *Guevoura Fund Ltd. v. Sillerman, et al.,* Civil Action Nos. 1:15-cv-07192-CM, 1:18-cv-09784-CM ("Action"), in the United States District Court for the Southern District of New York ("Court"), you must complete and, under Section E below, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to submit a timely, properly completed and addressed Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund. All defined terms contained herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement dated as of April __, 2019 (the "Stipulation").

**TABLE OF CONTENTS** **PAGE#**

**SECTION A - CLAIMANT INFORMATION** . . . . . . . . . . 2

**SECTION B - SCHEDULE OF TRANSACTIONS IN ORDINARY SHARES** . . . . . . . . . . 3

**SECTION C - SUPPORTING DOCUMENTATION** . . . . . . . . . . 4

**SECTION D - RELEASE** . . . . . . . . . . 4

**SECTION E - CERTIFICATION** . . . . . . . . . . 5

**Questions? Call 1-8___-__________ or visit www.___________.com**

## SECTION A - CLAIMANT INFORMATION

**LAST NAME (CLAIMANT)** **FIRST NAME (CLAIMANT)**

**Last Name (Beneficial Owner if Different From Claimant)** **First Name (Beneficial Owner)**

**Last Name (Co-Beneficial Owner)** **First Name (Co-Beneficial Owner)**

**Company/Other Entity (If Claimant Is Not an Individual)** **Contact Person (If Claimant is Not an Individual)**

**Trustee/Nominee/Other**

**Account Number (If Claimant Is Not an Individual)** **Trust/Other Date (If Applicable)**

**Address Line 1**

**Address Line 2 (If Applicable)**

**City** **State** **Zip Code**

**Foreign Province** **Postal Code**

**Foreign Country**

**Telephone Number (Day)** - - **Telephone Number (Night)** - -

**Beneficial Owner's Employer Identification Number or Social Security Number**

**Email Address** *(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

**IF YOU FAIL TO SUBMIT A COMPLETE CLAIM BY ______ , 2019, YOUR CLAIM IS SUBJECT TO REJECTION OR YOUR PAYMENT MAY BE DELAYED.**

**NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the website at **www.__________.com** or you may email the Claims Administrator, JND Legal Administration, at **www.______________.com**. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at **www._____________.com** to inquire about your file and confirm it was received and acceptable.

## SECTION B - SCHEDULE OF TRANSACTIONS IN COMMON STOCK

Provide SFX Entertainment, Inc. ("SFX") Common Stock Trading History from **February 25, 2015** through **February 12, 2016**.

1. **BEGINNING HOLDINGS:** List the number of SFX shares at the opening of trading on **February 25, 2015** (If none, write "zero" or "O," if other than zero, please provide documentation).
2. **PURCHASES/ACQUISITIONS:** List each individual purchase of SFX Common Stock from **February 25, 2015** through **February 12, 2016** (Please note, purchases during the period between November 18, 2015 through February 12, 2016 will be used to balance your claim only)**.**

| Date(s) of Purchase or Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase Price Per Share | Total Transaction Amount (excluding commissions, taxes, and fees) | Please check the box if this was a purchase in which you covered a "short sale" |
|---|---|---|---|---|
| / / | | . | | |
| / / | | . | | |
| / / | | . | | |
| / / | | . | | |

3. **SALES:** List each individual sale of SFX Common Stock from **February 25, 2015** through **February 12, 2016.**

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Transaction Amount (excluding commissions, taxes, and fees) | Please check the box if this was a purchase in which you covered a "short sale" |
|---|---|---|---|---|
| / / | | . | | |
| / / | | . | | |
| / / | | . | | |
| / / | | . | | |

4. **ENDING HOLDINGS:** Number of SFX shares held at the close of trading on February 12, 2016: (If none, write "zero" or "0"; if other than zero, must be documented.)

**Number of Shares**

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## SECTION C – SUPPORTING DOCUMENTATION

**Please Submit Supporting Documentation For Your Claim**. You must submit documentation for your trading history. Acceptable documentation may include: (a) monthly stock brokerage or other investment account statements; (b) trade confirmation slips; (c) a signed letter from your broker on firm letterhead verifying the information you are providing; (d) a Deposit or Escrow Receipt showing your holdings; or (e) other equivalent proof of your transactions. DO NOT SEND ORIGINALS. If you have questions, please call 1-___-__________________.

## SECTION D – RELEASE

**Please Review the Release For the Claims Against the Defendants and Sign Below.**

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish and discharge, all of the Released Claims against the Released Parties.

"Released Claims" means any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability and including any claims for violations of Fed. R. Civ. P. 11), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including without limitation the federal securities laws and the claims alleged in the Non-Dischargeability Action, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct, indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Lead Plaintiff and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of SFX common stock, ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that (i) have been asserted in this Action and the Non-Dischargeability Action by the Lead Plaintiff and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Lead Plaintiff or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, the complaint in the Non-Dischargeability Action or relate to the purchase, acquisition, transfer, holding, ownership, disposition, or sale of SFX common stock during the Class Period. Released Claims does not include claims relating to the enforcement of the Settlement or the terms of this Stipulation. For the avoidance of doubt, nothing in this Stipulation or this release releases the Director Defendants from their obligations under this Stipulation or their liability for breach of any term, warranty, or representation in this Stipulation.

"Released Parties" means each of the Director Defendants, Mitchell Slater, Andrew Bazos, Joseph Rascoff, Edward Simon, Pasquale Manocchia, Howard Tytel, and Sheldon Finkel, and their and SFX's respective present and former direct and indirect parents, subsidiaries, divisions, and affiliates, and any of their present and former officers, directors, members, general partners, limited partners, employees, agents, representatives, attorneys, advisors, associates, associations, fiduciaries, sureties, insurers (including but not limited to the Insurance Carriers) and reinsurers, shareholders, auditors and accountants, financial advisors and investment banks, predecessors, heirs, estates consultants, successors and assigns of each of them, and any other person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the foregoing, and anyone acting in concert with any of them.

"Released Defendants' Claims" means any and all claims, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation (including any claims for violations of Fed. R. Civ. P. 11), including both known claims and Unknown Claims, that have been or could have been asserted in the Action, the Non-Dischargeability Action or any forum by the Released Parties, or any of them, or the successors and assigns of any of them against Lead Plaintiff or its attorneys, or against any other of the Released Parties, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action and the Non-Dischargeability Action. Released Defendants' Claims does not include claims relating to the enforcement of the Settlement or the terms of this Stipulation.

"Releasing Parties" means Lead Plaintiff and each of the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors.

"Unknown Claims" means any and all Released Claims which any Releasing Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that the Lead Plaintiff expressly waives, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff, as a Class representative, acknowledges that members of the Class may discover facts in addition to or different than those that they now know or believe to be true with respect to the subject matter of the release herein, but that it is its intention, on behalf of the Class, to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Lead Plaintiff also acknowledges, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

2. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

3. I (We) hereby warrant and represent to the best of my (our) knowledge that I (we) have included information about all of my (our) transactions in SFX common stock during the Class Period.

## SECTION E – CERTIFICATION

Under the penalty of perjury, I (we) certify that:

1. The number shown below on this form is my (our) current SSN/TIN; and
2. I (We) certify that I am (we are) not subjected to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

Social Security No. (for individuals) or Taxpayer Identification Number

\- \- \-

I (We) submit to the jurisdiction of the Court with respect to this claim and declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _________ day of ______________ , 20______ in ________________________ , ____________________________ .
(month) (year) (city) (state)

| | |
|---|---|
| Signature of Claimant | Signature of Joint Claimant, if any |
| Print Name of Claimant | Print Name of Joint Claimant, if any |
| Date | Date |

***If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

| | |
|---|---|
| Signature of Person Completing Form | Date |
| Print Name of Person Completing Form | Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, custodian, etc. |

## REMINDER CHECKLIST

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only copies of acceptable supporting documentation.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original stock certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within sixty (60) days. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-8___-_______________.

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or at 1-____-_____________, or visit www.__________________.com.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED NO LATER THAN________________, 2019**, ADDRESSED AS FOLLOWS:

***Guevoura Fund Ltd. v. Sillerman, et al.***
**Claims Administrator**
**c/o JND Legal Administration**
**PO Box __________**
____________________
______________________

# EXHIBIT B

**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor and Debtor in Possession*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROBERT FRANCIS XAVIER SILLERMAN<br>*aka* Robert F.X. Sillerman,<br>*aka* Robert F. Sillerman,<br>*aka* Robert X. Sillerman,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-13633 (MKV) |

**ORDER GRANTING MOTION, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING THE DEBTOR'S ENTRY INTO THE SETTLEMENTS OF (I) PLAINTIFFS' CLAIMS ASSERTED IN THE UNITED STATES DISTRICT COURT IN CERTAIN CONSOLIDATED AMENDED CLASS ACTION AND OBJECTION TO NON-DISCHARGEABILITY; (II) PLAINTIFFS' CLAIMS ASSERTED IN NEW YORK SUPREME COURT IN CERTAIN ACTION; AND (III) CLAIMS OF DEAN ZIEHL, AS LITIGATION TRUSTEE OF THE SFX LITIGATION TRUST**

Upon the motion dated April __, 2019 (the "**Motion**") of Robert F.X. Sillerman[1] aka Robert F. Sillerman, aka Robert X. Sillerman, the above-captioned debtor and debtor in possession (the "**Debtor**"), by his counsel, Rosen & Associates, P.C., for the entry of an order, pursuant to 11 U.S.C. §§ 105 and 363 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the Debtor's entry into (i) the settlement of the claims against the Debtor asserted in the Consolidated Amended Class Action and the Non-Dischargeability Action, each as defined in the Stipulation and Settlement Agreement (the "**Federal Settlement Agreement**"),

[1] Mr. Sillerman has never been known as Robert Francis Xavier Sillerman.

a copy of which is attached hereto as Exhibit “A”; (2) the settlement of the claims asserted in the New York state court Action, as defined in the Stipulation of Settlement and Release (the “**State Settlement Agreement**”), a copy of which is attached hereto as Exhibit “B”; and (3) the settlement of the claims of Dean Ziehl, as Litigation Trustee of the SFX Litigation Trust (the “**Trustee Settlement Agreement**” and, together with the Federal Settlement Agreement and the State Settlement Agreement, the **“Settlement Agreements**”); and the Court having jurisdiction to consider and determine the Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this proceeding being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing (the “**Hearing**”) on the Motion having been held before the Court on May __, 2019 at 10:00 a.m.; and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief sought thereby; and after due deliberation and sufficient cause appearing to me therefor, the Court hereby makes the following

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[2]

Jurisdiction, Final Order and Statutory Predicates

A. The Court has jurisdiction over the Motion and the relief requested therein, including responses and objections thereto, if any, pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § 158(a).

---

[2] The findings and conclusions set forth herein constitute the Court’s findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitutes conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitutes findings of fact, they are adopted as such.

C. The predicates for the relief sought in the Motion are 11 U.S.C. §§ 105 and 363 and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Notice

D. The Debtor has provided due and adequate notice of the Motion, the Hearing, the Settlement Agreements and the subject matter thereof to all parties in interest pursuant to Rules 2002 and 9019(a) of the Federal Rules of Bankruptcy Procedure, and no further notice is necessary. Without limiting the generality of the foregoing, adequate notice of the Motion, the Hearing and the Settlement Agreements has been provided, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to (i) the United States Trustee; (ii) the Official Committee of Unsecured Creditors appointed herein; (iii) all creditors of the Debtor who appear on the Debtor's filed schedules of liabilities; (iv) all creditors of the Debtor who, as of the date of the Motion, have filed a proof of claim in the Debtor's case; and (v) all other parties who and entities which have filed a notice of appearance and request for notice in the Debtor's case.

Sound Business Judgment and Reasonableness

E. The relief requested in the Motion is in the best interests of the Debtor, his estate and his creditors. The Debtor has demonstrated good, sufficient and sound business purposes and justifications for the relief requested in the Motion and, as to the Debtor, the approval of the transactions contemplated thereby.

F. The Settlement Agreements are fair and reasonable and in the best interests of the Debtor, his estate and his creditors. The settlements memorialized in the respective Settlement Agreements are fair and reasonable with respect to the Debtor.

G. The Debtor has demonstrated that the probability of success in litigation over the matters resolved by the Settlement Agreements is uncertain; that the litigation of the matters resolved by the Settlement Agreements would be complex and costly to the Debtor's estate; that continuation of the litigation resolved by the Settlement Agreements would distract the Debtor and thereby impair and delay the Debtor's efforts to reorganize and propose and consummate a plan of reorganization; and that the Debtor's entry into the Settlement Agreements, as to the Debtor, falls within the range of reasonableness as required by Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**For all of the foregoing reasons and after due deliberation, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. For the reasons set forth herein and on the record of the Hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

3. Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Debtor's decisions to enter into the Settlement Agreements are reasonable and appropriate under the circumstances, satisfy all applicable standards, and are approved in all respects.

4. Pursuant to 11 U.S.C. § 363(b) and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Debtor is hereby authorized to take all actions and execute all documents and instruments that he deems necessary or appropriate to implement and effectuate the transactions contemplated by the Settlement Agreements without further order of the Court.

5. The Debtor is authorized to give the releases set forth in paragraph 11 of the Federal Settlement Agreement of the Released Defendants' Claims (as such term is defined in paragraph 2(dd) of the Federal Settlement Agreement), the releases provided in the State Settlement Agreement and the releases provided in paragraph 5(b) of the Trustee Settlement Agreement, all of which releases by the Debtor are hereby approved.

6. The Debtor is authorized to give the releases in favor of the Insurance Carriers (as such term is defined in paragraph 2(r) of the Federal Settlement Agreement), paragraph 2(k) of the State Settlement Agreement, and as identified in paragraph 1 of the Trustee Settlement Agreement, from his rights and claims under the relevant directors' and officers' insurance policies, as respectively set forth in paragraph 12 of the Federal Settlement Agreement, paragraph 11 of the State Settlement Agreement and paragraph 5(b) of the Trustee Settlement Agreement, all of which releases by the Debtor are hereby approved.

7. The Debtor is authorized to make the Sillerman Contribution (as such term is defined in paragraph 2(kk) of the Federal Settlement Agreement and paragraph 2(v) of the State Settlement Agreement, respectively), and to grant the Sillerman Claim (as such term is defined in paragraph 2 of the Trustee Settlement Agreement).

8. The failure specifically to include any particular provision of the Settlement Agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that, as to the Debtor, the Settlement Agreements be authorized and approved in their entirety.

9. This Order and the Settlement Agreements shall be binding upon the Debtor and all persons who received notice of the Motion.

Dated: New York, New York
May __, 2019

____________________________________
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUEVOURA FUND LTD., On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F.X. SILLERMAN, D. GEOFFREY ARMSTRONG, JOHN MILLER and MICHAEL JOHN MEYER,<br><br>Defendants. | **Case No. 1:15-cv-07192-CM**<br><br>**Case No. 1:18-cv-09784-CM** |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter came before this Court (the "Court") for hearing pursuant to the Order Granting Preliminary Approval of Proposed Settlement and Providing for Notice to the Class dated ___________________, 2019 ("Preliminary Approval Order"), and the Court having received declarations attesting to the mailing of the Notice and the publication of the Publication Notice in accordance with the Preliminary Approval Order, on the application of Lead Plaintiff and the Director Defendants for approval of the settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated as of April ___, 2019 ("Stipulation"), the proposed Plan of Allocation of the Settlement proceeds, Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, Lead Plaintiff's request for an award of reasonable costs and expenses directly relating to its representation of the Class, and interim reimbursement of notice and administration expenses and, following a hearing on ___________________, 2019 before this Court to consider the applications, all supporting papers and arguments of Lead Plaintiff and the Director Defendants, and other proceedings held herein,

as well as for the reasons stated on the record by the Court at the hearing before the Court, and good cause appearing therefore,

**IT IS HEREBY ADJUDGED, DECREED AND ORDERED:**

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein defined in the Stipulation shall have the same meanings as set forth in the Stipulation unless specifically set forth differently herein. The terms of the Stipulation are fully incorporated in this Final Judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Class Members.

3. This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, Lead Counsel's application for an award of attorneys' fees and/or reimbursement of expenses, and Lead Plaintiff's request for an award of reasonable costs and expenses directly relating to its representation of the Class, as directed by this Court's Preliminary Approval Order, and that the forms and methods for providing such notice to Class Members:

(a) constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort;

(b) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this class action and the right to exclude themselves from the Class; (ii) their right to object to any aspect of the proposed Settlement, including the terms of the Stipulation and the Plan of Allocation; (iii) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Class; and (iv) the binding effect of the proceedings, rulings, orders and

judgments in this Action, whether favorable or unfavorable, on all Persons and entities who are not excluded from the Class;

(c) was reasonable and constituted due, adequate, and sufficient notice to all Persons and entities entitled to be provided with notice; and

(d) fully satisfied all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws.

4. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby grants final class certification of the Class in this Action consisting of all persons or entities who purchased or otherwise acquired SFX common stock during the period between February 25, 2015 and November 17, 2015, inclusive (the "Class"). Excluded from the Class are: (a) the officers and directors of SFX during the Class Period (including the Director Defendants, Mitchell Slater, Andrew Bazos, Joseph Rascoff, Edward Simon, Pasquale Manocchia, Howard Tytel, and Sheldon Finkel), members of their immediate families, and any entity in which they have or had a controlling interest and their respective legal representatives, heirs, successors, or assigns; (b) the Opt-Out Plaintiffs, who were the named plaintiffs in the action denominated: *Altimeo Invesissement, Altimeo Optimum, Edward S. Gutman, The Merger Fund, The Merger Fund VI, WCM Alternatives: Event Driven Fund, and WCM Master Trust v. Robert F.X. Sillerman, D. Geoff Armstrong, John Miller, Michael John Meyer, Andrew N. Bazos, Joseph R. Rascoff, Edward Simon and Pasquale Manocchia,* Index No. 651084/2016 (N.Y. Sup. Ct. N.Y. Co.), including Altimeo Investissement, Altimeo Optimum, The Merger Fund, The Merger Fund VL, WCM Alternatives: Event Driven Fund, WCM Master Trust and Edward S. Gutman, and each of whom timely and properly excluded himself or itself from the Class

pursuant to this Court's Order of February 13, 2019; and (c) all Persons who have timely and properly requested exclusion from the Class pursuant to this Court's Preliminary Approval Order dated ________________, 2019, as set forth in exhibit A hereto.

5. The Court confirms the appointments of Lead Plaintiff Guevoura Fund Ltd. ("Lead Plaintiff") as the Class Representative and Brower Piven, A Professional Corporation ("Brower Piven"), as Class Counsel.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement, and all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Lead Plaintiff and all Class Members based on, among other things: the Settlement resulted from arm's-length negotiations between the Lead Plaintiff and the Director Defendants and/or their counsel; the amount of the recovery for Class Members being well within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; and the recommendation of the Lead Plaintiff and the Director Defendants, in particular experienced Lead Counsel. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and conditions. The parties are hereby directed to perform the terms of the Stipulation, and the Clerk of the Court is directed to enter and docket this Final Judgment in this Action.

7. This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable. The Court directs the Claims Administrator, under the supervision of Lead Counsel, to proceed with the processing of Proofs of Claim and the administration of the

Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Class Members, as provided in the Stipulation and Plan of Allocation.

8. This Court hereby awards and directs payment as provided in the Stipulation to Lead Counsel of their out-of-pocket litigation expenses in the amount of $_____________________, and attorneys' fees equal to _______% of the Director Defendants' Contribution, with interest to accrue on such amounts at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Final Judgment to the date of actual payment of said attorneys' fees and expenses from the Director Defendants' Contribution to Lead Counsel as provided in the Stipulation, and attorneys' fees equal to _______% of the Sillerman Contribution, or portion(s) of the Sillerman Contribution paid, if or when paid into the Settlement Fund, with interest to accrue on such amount(s) at the same rate and for the same periods as has accrued with respect to the payment(s) of the Sillerman Contribution by the Settlement Fund from the date of the payment(s) of the Sillerman Contribution to the date of actual payment of said attorneys' fees to Lead Counsel. The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed and costs incurred by Lead Counsel; (b) the complexity of the case; (c) the risks undertaken by Lead Counsel and the contingent nature of their employment; (d) the quality of the work performed by Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; and (f) the very substantial benefits achieved for Class Members through the Settlement. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Lead

Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members.

9. The Court approves an award of $_______________ of reasonable costs and expenses to Lead Plaintiff directly relating to its representation of the Class.

10. Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members.

11. All payments of attorneys' fees and reimbursement of expenses to Lead Counsel in the Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of any of Lead Counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice and administration of the Settlement.

12. Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all Class Members who have not filed timely, complete, and valid requests for exclusion from the Class are Class Members are bound by this Final Judgment and by the terms of the Stipulation.

13. The Releasing Parties, whether or not such Person executes and delivers a Proof of Claim or otherwise shares in the Settlement Fund, (a) shall be deemed by operation of law to have fully, finally and forever released, relinquished and discharged the Released Claims against the Released Parties, and (b) shall forever be enjoined from prosecuting, commencing, or instituting, either directly or indirectly, or assisting in the commencement or prosecution of, whether in the United States or elsewhere, the Released Claims against the Released Parties. The Released Parties are deemed to fully, finally and forever release, relinquish and discharge the

Released Defendants' Claims against Lead Plaintiff and/or Lead Counsel and against any other of the Released Parties.

14. Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), as codified at 15 U.S.C. § 78u-4(f)(7)(A), every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other federal, foreign, state or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of the Released Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in the Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law.

15. The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the parties as against the others.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be offered, received or deemed to be or may be used as an admission of, or evidence of, the validity of the Released Claims, or of any wrongdoing or liability of the Released Parties with respect to the truth of any fact asserted in this Action or the validity of any claim that had been or could have been asserted in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties; or (b) is or

may be offered, received or deemed to be or may be used as an admission of, or evidence of, any fault, negligence, wrongdoing or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) may be offered, received or is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein; or (d) may be construed against the Released Parties or any Class Member as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial. The Director Defendants and/or the other Released Parties may file the Stipulation and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. The Court finds that during the course of the Action, Lead Plaintiff, the Director Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18. The Court finds that, pursuant to the Class Action Fairness Act of 2005, the Director Defendants provided timely and adequate notice of this Settlement to the appropriate state and federal officials.

19. Without affecting the finality of this Final Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund or Net Settlement Fund; (b) disposition of the Settlement Fund or Net Settlement Fund; (c) determining applications for payment of attorneys'

fees and/or expenses incurred by Lead Counsel in connection with administration and distribution of the Net Settlement Fund; (d) payment of taxes by the Settlement Fund; (e) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

20. Neither appellate review nor modification of the Plan of Allocation set forth in the Notice, nor any action in regard to the award of attorneys' fees and/or reimbursement of expenses to Lead Counsel and/or the award of costs and expenses to Lead Plaintiff, shall affect the finality of any other portion of this Final Judgment, and each shall be considered separate for the purposes of appellate review of this Final Judgment.

21. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22. This Final Judgment and Order is a final judgment in the Action as to all claims asserted. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

Dated: ______________________, 2019

______________________________________
HONORABLE COLLEEN MCMAHON
CHIEF UNITED STATES DISTRICT JUDGE