**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/2019

| | |
|---|---|
| GUEVOURA FUND LTD., On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F.X. SILLERMAN, D. GEOFFREY ARMSTRONG, JOHN MILLER and MICHAEL JOHN MEYER,<br><br>Defendants. | **Case No. 1:15-cv-07192-CM**<br><br>**Case No. 1:18-cv-09784-CM** |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE TO THE CLASS

These above-entitled action (the "Action") comes before this Court (the "Court") on Plaintiff's Motion for: (1) Preliminary Approval of Proposed Settlement; (2) Approval of Notice to the Class; and (3) Scheduling of a Final Approval Hearing ("Motion") and on the Stipulation and Agreement of Settlement dated April 30, 2019 ("Stipulation") entered into by Lead Plaintiff and the Director Defendants in the Action. The Court has reviewed the Motion, the Memorandum, and the Stipulation with the attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice, upon the terms and conditions of the Stipulation, and finds that the Motion is due to be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Stipulation unless expressly indicated otherwise herein.

**NOW, THEREFORE**, the Court hereby **ORDERS**:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate

as to the Class Members, subject to further consideration at the Settlement Hearing described below. Therefore, the motion for preliminary approval of the proposed Settlement is **GRANTED.**

2. By the Stipulation and Order for Class Certification entered by the Court on February 4, 2019 (the "Class Certification Order"), the Court certified the Action to proceed as a class action on behalf of a class consisting of all persons or entities who purchased or otherwise acquired SFX Entertainment, Inc. ("SFX") common stock during the period between February 25, 2015 and November 17, 2015, inclusive (the "Class"). The Court excluded from the Class the officers and directors (including the Director Defendants) of SFX during the Class Period, members of their immediate families, and any entity in which the Director Defendants have or had a controlling interest and their respective legal representatives, heirs, successors, or assigns. This Preliminary Approval Order amends the Class definition to exclude the following from the Class: the officers and directors of SFX during the Class Period (including the Director Defendants, Mitchell Slater, Andrew Bazos, Joseph Rascoff, Edward Simon, Pasquale Manocchia, Howard Tytel, and Sheldon Finkel), members of their immediate families, and any entity in which they have or had a controlling interest and their respective legal representatives, heirs, successors, or assigns; and the named plaintiffs in the action denominated: *Altimeo Invesissement, Altimeo Optimum, et al. v. Robert F.X. Sillerman, et al.*, Index No. 651084/2016 (N.Y. Sup. Ct. N.Y. Co.), plaintiffs Altimeo Investissement, Altimeo Optimum, The Merger Fund, The Merger Fund VL, WCM Alternatives: Event Driven Fund, WCM Master Trust and Edward S. Gutman (the "Opt-Out Plaintiffs").

3. In the Class Certification Order, the Court also appointed Lead Plaintiff Guevoura Fund Ltd. ("Lead Plaintiff") as Class Representative and appointed Brower Piven, A

2

Professional Corporation ("Brower Piven"), as Class Counsel.

4. If for any reason the Settlement does not receive Final Court Approval, the Stipulation, including any amendment(s) thereof, and this Order shall, without the need for further action by the Court or the Lead Plaintiff and Director Defendants, be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each party shall be restored to his, her or its respective position as it existed as of February 25, 2019.

5. A hearing ("Settlement Hearing") shall be held before this Court on December 13, 2019, at 10:00 A.m. (Eastern) for the following purposes:

(a) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court;

(b) to determine whether a Final Judgment as provided in ¶16 of the Stipulation should be entered;

(c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(d) to determine whether any applications by Lead Counsel for attorneys' fees and/or reimbursement of expenses should be approved;

(e) to determine whether an award of reasonable costs and expenses to Lead Plaintiff directly relating to its representation of the Class should be approved;

(f) to rule upon such other matters as the Court may deem appropriate.

6.      The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Settlement Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Publication Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees, and Final Settlement Hearing (the "Publication Notice") for publication, annexed as Exhibits A1-A3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Publication Notice in the manner and form set forth in this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled to notice.

7.      JND Legal Administration ("Claims Administrator") is hereby appointed, under the supervision of Lead Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     To the extent it has not previously done so, Lead Plaintiff shall provide to the Claims Administrator, within seven (7) business days after entry of this Order, without charge to any other Party, the names and last known addresses of potential Class Members as shown by SFX stock transfer records for the purposes of identifying and giving notice to the Class.

(b)     No later than fifteen (15) business days after entry of this Order, the Claims Administrator shall cause a copy of the Notice, substantially in the form annexed hereto as Exhibit A-1 and Proof of Claim, substantially in the form annexed hereto as Exhibit A-3, to be

4

mailed by first class mail to all potential Class Members who can be identified with reasonable effort;

(c) The Claims Administrator shall cause the Publication Notice, in substantially the form annexed as Exhibit A-2, to be published three (3) separate times, with no less than four (4) business days between each publication, over the *PR Newswire* and/or similar national business-oriented newswire(s), with such publication completed no later than twenty-eight (28) calendar days after the mailing of the Notice; and

(d) No later than thirty (30) calendar days before the Settlement Hearing, Lead Counsel shall cause proof, by affidavit or declaration, of such mailing and publishing to be filed with the Court and served on Defendants' Counsel.

8. All banks, securities brokers and other nominees who purchased the common stock of SFX for the beneficial ownership of Class Members during the Class Period shall send the Notice to all beneficial owners of such SFX common stock within seven (7) calendar days after receipt of the Notice from the Claims Administrator, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt of receipt of the Notice from the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached to the Notice, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked or delivered no later than one hundred fifty (150) calendar days after entry of this Order. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in other respects be bound by the terms of the Stipulation. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant for the transactions reported therein, in the form of broker

confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

10. All Class Members shall be bound by all determinations and judgments in this Action, concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Class. The Persons and entities who request exclusion from the Class will be excluded from the Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Final Judgment entered as to the Director Defendants in the Action.

11. To request exclusion from the Class, a putative Class Member must send a letter, postmarked or delivered, no later than one hundred and five (105) calendar days after entry of this Order to the Claims Administrator. For a request for exclusion to be valid, the putative Class Member's request for exclusion must include the Class Member's name, current address, and

day-time and evening telephone numbers; the dates of all such Class Member's purchases and/or sales of SFX common stock during the Class Period; the number of shares purchased and/or sold on each such date; the prices paid and/or received for all such shares on each such date; and a clear and unambiguous statement that such putative Class Member wishes to be excluded from the Class. No further opportunity to request exclusion will be given in this Action. A Class Member's failure to comply with the foregoing requirements for requesting exclusion from the Class will result in such request being invalid and ineffective.

12. Lead Counsel shall provide Defendants' Counsel copies of all requests for exclusion ten (10) calendar days prior to the Settlement Hearing or as soon as practicable after such request is received.

13. Pending final determination of whether the Stipulation should be approved, Lead Counsel, Lead Plaintiff, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Parties and all proceedings in the Action shall be stayed until further order of this Court, except as may be necessary to comply with the terms of the Stipulation, or implement the Settlement.

14. Any Class Member may enter an appearance in the Action, individually or, at their own expense, through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and counsel for the Director Defendants a notice of such appearance no later than one hundred and five (105) calendar days after entry of this Order. If they do not enter an appearance, they will be represented by Lead Counsel.

15. All papers in support of the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, and Lead Plaintiff's

request for an award for reasonable costs and expenses shall be filed no later than seventy-five (75) calendar days after entry of this Order.

16. Any Class Member may appear and show cause, if he, she, or it has any, why the proposed Settlement should not be approved as fair, reasonable, and adequate, why the Plan of Allocation should not be approved as fair and equitable, why Lead Counsel's application for an award of attorneys' fees and/or why Lead Counsel's application for reimbursement of expenses should not be granted, and/or why Lead Plaintiff's request for an award for reasonable costs and expenses should not be granted; provided, however, that no Person or entity shall be heard or entitled to contest such matters, unless that Person or entity has delivered by hand or sent by first class mail written objections and copies of all papers and briefs any such Person and entity wishes to submit in support of any such objection delivered or post-marked no later than one hundred and five (105) calendar days after entry of this Order to each of the following:

> BROWER PIVEN
> A Professional Corporation
> David A.P. Brower
> 136 Madison Avenue, 5th Floor
> New York, NY 10016
>
> *Lead Counsel*
>
> ARNOLD & PORTER KAYE SCHOLER LLP
> Vincent A. Sama
> Aaron F. Miner
> Daphne Morduchowitz
> 250 West 55th Street
> New York, NY 10019
>
> *Counsel for Defendants D. Geoffrey Armstrong, John Miller
> and Michael John Meyer*

ROSEN & ASSOCIATES, P.C.
Sanford P. Rosen
747 Third Avenue
New York, NY 10017

*Counsel for Defendant Robert F.X. Sillerman*

Any Person and entity that does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers, in response to any such objections and/or in further support of the above-noted motions shall be filed no later than fourteen (14) business days before the Settlement Hearing.

17. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All reasonable costs and expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts reasonably incurred or disbursed pursuant to the Stipulation for costs and expenses of providing notice and administration of the Settlement.

19. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any of the Director Defendants or the other Released Parties, that any acts of wrongdoing have been committed and shall not be deemed to create any

inference that there is any liability on the part of any of the Director Defendants or any other Released Parties. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Lead Plaintiff and Director Defendants, if appropriate, without further notice to the Class.

Dated: _July 30_, 2019

_____
HONORABLE COLLEEN MCMAHON
CHIEF UNITED STATES DISTRICT JUDGE