UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUEVOURA FUND LTD., On Behalf of Itself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>ROBERT F.X. SILLERMAN, D. GEOFFREY ARMSTRONG, JOHN MILLER and MICHAEL JOHN MEYER,<br><br>     Defendants. | **Case No. 1:15-cv-07192-CM**<br><br>**Case No. 1:18-cv-09784-CM** |

**LEAD PLAINTIFF'S MEMORANDUM IN FURTHER SUPPORT OF FINAL CERTIFICATION OF THE CLASS, FINAL APPROVAL OF CLASS NOTICE, FINAL APPROVAL OF THE PROPOSED SETTLEMENT, FINAL APPROVAL OF THE PROPOSED PLAN OF ALLOCATION, AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND FEES AND EXPENSES OF THE LEAD PLAINTIFF**

**BROWER PIVEN**
 A Professional Corporation
David A.P. Brower
136 Madison Avenue, 5th Floor
New York, New York 10016
Telephone: (212) 501-9000
Facsimile: (212) 501-0300
Email: brower@browerpiven.com

*Counsel for Lead Plaintiff and the Class*

**TABLE OF CONTENTS**

INTRODUCTION ………………………………………..…………………………………… 1

ARGUMENT ……………………………………………..…………………………………… 4

I.  THE ABSENCE OF OBJECTIONS IS STRONG EVIDENCE OF THE FAIRNESS, REASONABLENESS AND ADEQUACY OF THE SETTLEMENT, THE FAIRNESS OF THE PLAN OF ALLOCATION, THE REASONABLENESS OF THE REQUESTED ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND THE REASONABLENESS OF LEAD PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF ITS TIME……………………………………………..……. 6

II. THE ABSENCE OF ANY REQUESTS FOR EXCLUSION FROM THE CLASS IS STRONG EVIDENCE OF THE FAIRNESS, REASONABLENESS AND ADEQUACY OF THE SETTLEMENT, THE FAIRNESS OF THE PLAN OF ALLOCATION, THE REASONABLENESS OF THE REQUESTED ATTORNEYS' FEES AND EXPENSES, AND THE REASONABLENESS OF LEAD PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF ITS TIME…………………….…………………………………………….....9

CONCLUSION ………………………………….…………………………………………… 10

# **TABLE OF AUTHORITIES**

## **CASES**

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500,
 2006 U.S. Dist. LEXIS 17588 (S.D.N.Y. Apr. 6, 2006)……………………………….8, 10

*Banyai v. Mazur*, No. 00 Civ. 9806,
 2007 U.S. Dist. LEXIS 22342 (S.D.N.Y. Mar. 27, 2007)………………………….. 9

*Bell Atl. Corp. v. Bolger*, 2 F.3d 1304 (3d Cir. 1993)…………..………………………..…. 7

*Berman v. Entert. Mktg., Inc.*, 901 F. Supp. 113 (E.D.N.Y. 1995) …………………………... 8

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)………………………….. 4, 7

*City of Providence v. Aéropostale, Inc.*, No. 11-7132,
 2014 U.S. Dist. LEXIS 64517 (S.D.N.Y. May 9, 2014) ……………………….…….. 7

*County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295 (2d Cir. 1990)…………………... 6

*In re Credit Default Swaps Antitrust Litig.*, No. 13md2476,
 2016 U.S. Dist. LEXIS 54587 (S.D.N.Y. Apr. 25, 2016)……………………………….8

*D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) ……………………………………… 8

*Fleisher v. Phoenix Life Ins. Co.*, No. 11-8405,
 2015 U.S. Dist. LEXIS 121574 (S.D.N.Y. Sept. 9, 2015)…………..……………………. 9

*Grant v. Bethlehem Steel Corp.*, 823 F.2d 20 (2d Cir. 1987) ………………………………….. 6

*Hammon v. Barry*, 752 F. Supp. 1087 (D.D.C. 1990) ……………………………………….. 7

*Keil v. Lopez*, 862 F.3d 685 (8th Cir. 2017) ………………………………………………… 5

*Kornell v. Haverhill Ret. Sys.*, No. 18-3673,
 2019 U.S. App. LEXIS 32828 (2d Cir. Nov. 1, 2019) ………………………………….4

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002) …………………….4, 5

*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010)  …………...………. 5

*In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410 (3d Cir. 2016)…… 5

*In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998)…………….6, 8

*Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014)…………………………………..5

*RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587,
    2003 U.S. Dist. LEXIS 8239 (S.D.N.Y. May 15, 2003)………………………………….. 7

*Rosario v. Valentine Ave. Disc. Store, Co.*, No. 10-5255,
    2016 U.S. Dist. LEXIS 28266 (E.D.N.Y. Mar. 3, 2016)………………………………….9

*Ross v. A.H. Robins*, 700 F. Supp. 682 (S.D.N.Y. 1988)………………………………………….7

*Sewell v. Bovis Lend Lease LMB, Inc.*, 09 Civ. 6548,
    2012 U.S. Dist. LEXIS 53556 (S.D.N.Y. Apr. 16, 2012) ………………………...……10

*Strougo v. Bassini*, 258 F. Supp. 2d 254 (S.D.N.Y. 2003)... …………………………………… 9

*In re Sumitomo Copper Litig.*, 189 F.R.D. 274 (S.D.N.Y. 1999) ………………………...……10

*TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456 (2d Cir. 1987) …………………...…..6, 7

*In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570 (S.D.N.Y. 2008)…………………………….. 9

*In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319 (S.D.N.Y. 2005)…………………………9

*Wright v. Stern*, 553 F. Supp. 2d 337 (S.D.N.Y. 2008)……………………………………..4, 10

*Xuechen Yang v. Focus Media Holding, Ltd.*, No. 11-9051,
    2014 U.S. Dist. LEXIS 126738 (S.D.N.Y. Sept. 4, 2014)……………………………….. 7

## STATUTE AND RULE

28 U.S.C. §1715(d)……………………………………………………………………………...8

Fed. R. Civ. P. 23……………………………………………………………………………….5

## MISCELLANEOUS

5 Moore's Federal Practice §23.124[4] (Matthew Bender 3d ed. 2009)………………………….5

Fed. R. Civ. P. 23, 2003 Advisory Committee Notes………………………….………………..5

Court-appointed Lead Plaintiff Guevoura Fund Ltd. ("Lead Plaintiff")[1] respectfully submits, pursuant to the Court's July 30, 2019 Order Granting Preliminary Approval of Proposed Settlement and Providing for Notice to the Class (the "Preliminary Approval Order"; Dkt. No. 191), at ¶16, this memorandum in further support of Lead Plaintiff's motion for final approval of the Notice, final approval of the proposed Settlement, final approval of the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and fees and expenses of Lead Plaintiff.  Dkt. No. 192.

## INTRODUCTION

The deadline under the Preliminary Approval Order for Class Members to request exclusion from the Class or to object to the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and reimbursement of litigation expenses, and/or the proposed award to Lead Plaintiff for its reasonable costs and expenses related to its representation of the Class was November 12, 2019.  *See* Preliminary Approval Order at ¶¶11, 16.  After timely delivery by first-class United States mail of 12,942 copies of the Notice to potential Class Members, and issuance of three separate, staggered Publication Notices over *PRNewswire*, ***not a single Class Member has objected to the Settlement, the Plan of Allocation, Lead Counsel's requested attorneys' fees and reimbursement of expenses or Lead Plaintiff's requested award***.[2]  Likewise, notwithstanding that exhaustive notice program, ***not a single Class Member has requested exclusion from the Class***.  Segura Supp. Decl. at ¶¶2, 6.

As discussed below, together, these facts strongly support approval of the Settlement and

---

[1] Defined terms are the same as in the Stipulation and Agreement of Settlement, dated April 30, 2019 ("Stipulation"), attached as Exhibit 1 to the Notice of Motion For: (1) Preliminary Approval Of Settlement; (2) Approval Of Notice To The Class; And (3) Scheduling Of A Final Approval Hearing.  Dkt. No. 186.

[2] *See* Supplemental Declaration of Luiggy Segura Regarding Mailing of Notice and Claim Form, dated November 25, 2019, at ¶¶2, 7 ("Segura Supp. Decl.," annexed hereto as Exhibit 1).

Plan of Allocation, as well as granting the requested fee and expense awards.

This exceptionally positive response by Class Members is not surprising. The Settlement here represents a large percentage recovery for the Class that is well above any range of reasonableness. In sum, based on Lead Plaintiff's expert's estimates that Lead Plaintiff would have used at trial, which assumes complete success on all aspects of the merits of the claims for all segments of the Class, enforceability of the judgment, and that all Class Members would make and prove their claims, the recovery is a minimum of 57% of Class Members' best possible recoverable damages before attorneys' fees and expenses (excluding the Sillerman Contribution) -- without taking any of the considerable risks of continued litigation into account. Moreover, based on certain assumptions related to the claims-rate, the Settlement, before attorneys' fees and expenses, is projected to represent an almost 79% recovery of estimated claiming Class Members' total damages (excluding the Sillerman Contribution).[3] This result is many times larger than the percentage recoveries generally achieved in securities class action settlements routinely approved by the courts. *See* Settlement Memo at 22-23 & n.13 (citing cases); Declaration of Professor Geoffrey P. Miller, dated December 15, 2017 ("Miller Decl."), Exhibit 5 to the Appendix, Dkt. No. 195-1, at ¶¶25-30 (detailing various studies that analyze percentage recoveries).

Likewise, the Plan of Allocation, which was prepared in consultation with Lead

---

[3] *See* Lead Plaintiff's Memorandum of Law in Support of Motion for Final Approval Class Notice; Final Approval of the Proposed Settlement; and Final Approval of the Proposed Plan of Allocation ("Settlement Memo"), Dkt. No. 193, at 22-23 (discussing the recovery); *see also* Declaration of David A.P. Brower In Support of Lead Plaintiff's Motion for Final Approval of Class Notice, Final Approval of the Proposed Settlement, Final Approval of the Proposed Plan of Allocation, and Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, dated October 11, 2019 ("Brower Declaration"), Dkt. No. 195, at ¶¶103-04; Declaration of Zachary Nye, Ph.D in Support of the Proposed Settlement and Plan of Allocation, dated October 9, 2019 ("Nye Decl."), Dkt. No. 195-1, at ¶27, annexed as Exhibit 2 to the Appendix of Exhibits to the Brower Declaration (the "Appendix").

Plaintiff's damages expert, Dr. Nye, reflects the same formulas that Lead Plaintiff would most likely have offered at the trial to establish Class Members' per share damages at the various points in the Class Period, and, accordingly, provides a fair and reasonable method for equitably apportioning the net proceeds of the Settlement.  And now that the time has passed for Class Members to timely object or request exclusion from the Class, the lack of any opt-outs and the lack of any objections further demonstrates the fairness, reasonableness and adequacy of the Settlement and the Plan of Allocation, and supports their final approval.

With respect to the request for attorneys' fees and reimbursement of litigation expenses, as set forth in the opening papers, Lead Counsel worked extremely hard, diligently, and efficiently to obtain the $6.75 million cash Settlement as part of the Director Defendants' Contribution and the contingent $750,000 Sillerman Contribution.  The Settlement was only achieved after Lead Counsel devoted 2,955.55 hours pursuing the Action on a purely contingent basis, which does not even include the hundreds of hours reported by Lead Counsel's specialty bankruptcy counsel, Lowenstein Sandler LLP ("Lowenstein").  For their extensive efforts on behalf of the Class, Lead Counsel have requested an award of attorneys' fees equal to 33 1/3% of the Director Defendants' Contribution, or $2,250,000.00, and 33 1/3% of the Sillerman Contribution, or portion(s) of the Sillerman Contribution paid, if and/or when paid into the Settlement Fund, and reimbursement of litigation expenses of $248,214.01,[4] which includes the expenses of Lowenstein.  The requested fee award is not only consistent with awards in similar cases in this Circuit and reasonable under the factors applied by courts in granting fee awards in

---

[4] Since the submission of the initial papers on October 11, 2019, JND has advised Lead Counsel that it has incurred additional expenses of $36,374.63 related to providing notice and administering the Settlement.  *See* Segura Supp. Decl. at ¶8.  Lead Counsel will review the invoices of JND to assure that those expenses were reasonably and necessarily incurred, and, as appropriate, Lead Counsel will seek approval to make an additional interim payment to JND after the claims filing deadline, which is on December 27, 2019.

similar types of class actions where the percentage recovery for class members was significantly smaller than the recovery obtained here, but is further justified by the exceptionally large percentage recovery of Class Members' potential damages achieved in this case. *See* Memorandum of Law in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee Memo"), Dkt. No. 194, at 16-18 & nn.10-11; Miller Decl. at ¶¶33-35 & Ex. 2. Moreover, as a cross-check, the requested percentage fee award represents a **negative multiplier**. Courts have repeatedly recognized that the reasonableness of the fee request under the percentage method is reinforced where, as here, the percentage fee would represent a negative multiplier of the lodestar. *See* Fee Memo at 11-12; *see also Kornell v. Haverhill Ret. Sys.*, No. 18-3673, 2019 U.S. App. LEXIS 32828, at *3 (2d Cir. Nov. 1, 2019) ("when a court relies on the lodestar 'as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case.'") (citation omitted). Finally, now, given the absence of any objections to the requested fee and expense reimbursement awards, there can be little doubt that Class Members likewise consider the requested fee, under the circumstances here, to commensurate with the services provided and to represent fair and reasonable compensation for Lead Counsel's efforts on their behalf.

## ARGUMENT

The reaction of the class to the settlement must be considered when evaluating a class action settlement. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). "The fact that the vast majority of class members neither objected nor opted out is a strong indication that the proposed settlement is fair, reasonable, and adequate." *Wright v. Stern*, 553 F. Supp. 2d 337, 345 (S.D.N.Y. 2008); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (the "overwhelmingly positive response by the Class [evidenced by small

number of objections and opt-outs] attests to the approval of the Class with respect to the Settlement and the fee and expense application").

Here, the Court-approved Publication Notice was published over a national business-oriented newswire service on three staggered dates (August 30, September 6, and September 13, 2019); the long-form Notice and a selection of other important documents were posted on a dedicated website set up by the Claims Administrator (www.SFXSecuritiesLitigation.com); 12,942 copies of the Notice were mailed to potential Class Members and nominees; a toll-free telephone number was set up for questions from Class Members; Lead Plaintiff's full papers in support of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, and the fees and expenses of Lead Plaintiff were filed with the Court on October 11, 2019 – a month before the deadline to request exclusion from the Class or to object to any aspect of the final relief sought (and over two months before the schedule Settlement Hearing) – and they were available on the publicly accessible settlement website.[5]  *See* Declaration of Luiggy Segura Regarding (A) Mailing of Notice of Proposed Settlement of Class Action and Proof of Claim and

---

[5] Although not required in this Circuit, in an abundance of caution, Lead Plaintiff's and Lead Counsel's initial papers in support of the Settlement, Plan of Allocation and fee and expense requests were filed and available to Class Members well before the objection and opt-out deadline. This is consistent with best practices mandated in other Circuits, *see Keil v. Lopez*, 862 F.3d 685, 705 (8th Cir. 2017); *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 446 (3d Cir. 2016); *Redman v. RadioShack Corp.,* 768 F.3d 622, 637-38 (7th Cir. 2014); *In re Mercury Interactive Corp. Sec. Litig*., 618 F.3d 988, 994-95 (9th Cir. 2010), and by the leading commentators on best practices under Rule 23. *See, e.g.,* Fed. R. Civ. P. 23, 2003 Advisory Committee Notes ("[i]n setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion."); 5 Moore's Federal Practice §23.124[4] (Matthew Bender 3d ed. 2009) ("[a]ny objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all of the materials that may have been submitted in support of the motion . . . ."). Here, Class Members were informed by the Notice of the filing date of Lead Plaintiff's and Lead Counsel's papers in support of the final relief sought, which was over 30 days before the objection and opt-out deadline, and where those materials could be obtained, including on the publicly available website implemented and maintained by the Claims Administrator, directly from Lead Counsel or the Claims Administrator, and on the Court's ECF filing system. Nevertheless, not a single objection was received.

5

Release Form; (B) Publication of Summary Notice; and (C) Report on Requests for Exclusion Received, dated October 9, 2019, Dkt. No. 195-1 ("Segura"), at ¶¶9-12 (Exhibit 1 to the Appendix); Segura Supp. Decl. at ¶¶2-4.

The deadline to object to the Settlement, Plan of Allocation, the requested attorneys' fees and/or reimbursement of litigation expenses, and/or the award to Lead Plaintiff was November 12, 2019. To date, **no objections** to the Settlement, the Plan of Allocation, the requested attorneys' fees or reimbursement of litigation expenses, or the award to Lead Plaintiff have been received,[6] and **no requests for exclusion** have been received. Segura Supp. Decl. at ¶¶6, 7.

I. **THE ABSENCE OF OBJECTIONS IS STRONG EVIDENCE OF THE FAIRNESS, REASONABLENESS AND ADEQUACY OF THE SETTLEMENT, THE FAIRNESS OF THE PLAN OF ALLOCATION, THE REASONABLENESS OF THE REQUESTED ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND THE REASONABLENESS OF LEAD PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF ITS TIME**

As the late Honorable Judge Milton Pollack explained in *In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. 465 (S.D.N.Y. 1998), "[i]n litigation involving a large class, it would be 'extremely unusual' not to encounter objections." *Id*. at 478 (citation omitted). This case proves the exception to that rule, as there are **no objections** to any of the relief requested.

The existence of objections to a proposed settlement is not dispositive of its approvability. However, while "[a] settlement can, of course, be fair notwithstanding a large number of objectors," *TBK Partners, Ltd. v. W. Union Corp*., 675 F.2d 456, 462 (2d Cir. 1987),[7]

---

[6] Notably, Lead Counsel's request for reimbursement of litigation expenses is significantly less than the $850,000.00 projected to be requested set forth in the Notice. Nevertheless, there are no objections to the higher projected amount of litigation expenses set forth in the Notice, indicating Class Members found that amount would have be reasonable under the circumstances.

[7] Courts have approved settlements even in the face of substantial opposition. *See, e.g., County of Suffolk v. Long Island Lighting Co*., 907 F.2d 1295, 1325 (2d Cir. 1990) (affirming approval of a settlement where the court assumed that "a majority" of class members objected); *Grant v. Bethlehem Steel Corp*., 823 F.2d 20, 23 (2d Cir. 1987) (affirming approval of settlement where

6

the lack of any objection to any aspect of the Settlement, the Plan of Allocation, or the requested fees or expenses strongly supports the relief requested. *See, e.g., City of Providence v. Aéropostale, Inc.*, No. 11-7132, 2014 U.S. Dist. LEXIS 64517, at *17 (S.D.N.Y. May 9, 2014) ("That almost no Class Member objected to the Settlement or chose to exclude himself from it is indeed the strongest indication that the Settlement is fair and reasonable."); *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587, 2003 U.S. Dist. LEXIS 8239, at *4 (S.D.N.Y. May 15, 2003) ("In fact, 'the absence of objections may itself be taken as evidencing the fairness of a settlement.'") (citing *Ross v. A.H. Robins*, 700 F. Supp. 682, 684 (S.D.N.Y. 1988); *accord Grinnell*, 495 F.2d at 462.[8]

Moreover, during the Class Period, 70% of SFX's public float (*i.e.*, shares outstanding less insider holdings) were held by institutions as opposed to individual investors. *See* Brower Decl. at ¶104. Notwithstanding that a majority of the Class is composed of institutional investors, which have in-house analysts and counsel of their own to assist them in evaluating the proposed Settlement, Plan of Allocation and the requested fee and expense awards, not a single one of these institutional (or, for that matter, individual) investors have objected to any of the relief sought by Lead Plaintiff and its counsel. The absence of ***any*** objection from institutions, generally considered highly sophisticated activist investors who Congress intended, through the PSLRA, to encourage to participate in securities litigation, further supports approval. *See, e.g.*,

---

as many as 48% of class may have objected); *TBK Partners*, 675 F.2d at 462 (affirming approval of a settlement where holders of 54%-58% of the shares objected).

[8] *See also Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1313 (3d Cir. 1993) (absence of objections weighs in favor of approval); *Xuechen Yang v. Focus Media Holding, Ltd.*, No. 11-9051, 2014 U.S. Dist. LEXIS 126738, at *18 (S.D.N.Y. Sept. 4, 2014) ("Lead Counsel had received only 2 objections to the Settlement. A small number of objections may 'be viewed as indicative of the adequacy of the settlement.'") (citation omitted); *Hammon v. Barry*, 752 F. Supp. 1087, 1093 (D.D.C. 1990) ("one indication of the fairness of a settlement is the lack of or small number of objections.").

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2006 U.S. Dist. LEXIS 17588, at *35 (S.D.N.Y. Apr. 6, 2006) (fact that "not a single institutional Class Member objected to the Settlement" supported its approval).[9]

Finally, not only has no objection been filed by any institutional or individual investor, but no objection has been filed by any of the numerous governmental entities, including the office of the Attorney General of the United States and the offices of the attorneys' general of all 50 States and the six United States territories, that received notice of the Settlement with the supporting documentation required under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §1715(d) ("Final approval. An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b)."). The CAFA Notice was served on July 23, 2019. *See* Exhibit 2 hereto. The ninety-day period after service of the CAFA Notice and documentation elapsed on October 21, 2019. Thus, over a month has passed since expiration of the governmental CAFA Notice and no objections from any of the relevant governmental entities have been filed.

Given the comprehensive and lengthy notice program, the complete lack of any objections to the Settlement and the Plan of Allocation heavily favors their approval. *See, e.g.*, *Berman v. Entertainment Mktg., Inc.*, 901 F. Supp. 113, 117 (E.D.N.Y. 1995); *see also Grinnell*, 495 F.2d at 462.[10]

---

[9] *See also In re Credit Default Swaps Antitrust Litig.*, No. 13md2476, 2016 U.S. Dist. LEXIS 54587, at *25 (S.D.N.Y. Apr. 25, 2016) ("While the reaction of a class to a settlement is always important, it is [ ] especially telling here since the Class is composed of sophisticated parties who participate in buy-side trading of CDS."); *NASDAQ*, 187 F.R.D. at 479 (the reaction of the class supported approval of the settlements where "none of the thousands of institutional Class members, who have the largest financial stake, have objected . . .").

[10] *See also D'Amato v. Deutsche Bank*, 236 F.3d 78, 86-87 (2d Cir. 2001) ("The District Court properly concluded that this small number of objections weighed in favor of the settlement.");

Likewise, numerous courts have recognized that the lack of objections is strong evidence of the reasonableness of a fee request. *See, e.g., Fleisher v. Phoenix Life Ins. Co.*, No. 11-8405, 2015 U.S. Dist. LEXIS 121574, at *74-*75 (S.D.N.Y. Sept. 9, 2015) ("Class members, including many large and sophisticated businesses, were given until July 17, 2[0]15, to object or exclude themselves from the Settlement. That deadline passed and not a single objection was received …," which indicates the appropriateness of the fee request) (citation omitted). Thus, the lack of objections strongly supports Lead Counsel's requested attorneys' fee award, and the requested reimbursement of out-of-pocket litigation expenses. *See id.*; *see also In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable").

II.     **THE ABSENCE OF ANY REQUESTS FOR EXCLUSION FROM THE CLASS IS STRONG EVIDENCE OF THE FAIRNESS, REASONABLENESS AND ADEQUACY OF THE SETTLEMENT, THE FAIRNESS OF THE PLAN OF ALLOCATION, THE REASONABLENESS OF THE REQUESTED ATTORNEYS' FEES AND EXPENSES, AND THE REASONABLENESS OF LEAD PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF ITS TIME**

After 12,942 copies of the Notice have been mailed to potential Class Members, not a single putative Class Member has requested exclusion from the Class. The courts have held that a small number or no requests of exclusion from a class strongly favors approval of a settlement.

---

*Rosario v. Valentine Ave. Disc. Store, Co.*, No. 10-5255, 2016 U.S. Dist. LEXIS 28266, at *16 (E.D.N.Y. Mar. 3, 2016) ("The reaction of the class to the settlement has been positive, which also favors approval of the settlement. Class action settlement notice packets were mailed to 1,199 individuals. . . . No class members objected to the settlement . . . "); *Banyai v. Mazur*, No. 00 Civ. 9806, 2007 U.S. Dist. LEXIS 22342, at *27 (S.D.N.Y. Mar. 27, 2007) ("a small number of objections received when compared to the number of notices sent weighs in favor of approval."); *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 337-38 (S.D.N.Y. 2005) ("The very low number of objections evidences the fairness of those settlements."); *Strougo v. Bassini*, 258 F. Supp. 2d 254, 258 (S.D.N.Y. 2003) ("It has repeatedly been held that 'one indication of the fairness of a settlement is the lack of or small number of objections.'") (citation omitted).

*See Wright*, 553 F. Supp. 2d at 345.[11]  Thus, the complete lack of requests of exclusion here militates strongly in favor of approval of the Settlement, as well as the Plan of Allocation, the requested attorneys' fees and reimbursement of litigation expenses, and Lead Plaintiff's request for reimbursement of its time.

## CONCLUSION

For all of the reasons set forth above and in the other papers submitted in support of the Motion, Lead Plaintiff respectfully requests that the Court approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses, together with interest thereon at the same rate as earned on the Settlement Fund until paid on both amounts, and Lead Plaintiff's request for reimbursement of its time.[12]

Dated: November 26, 2019            **BROWER PIVEN**
  **A Professional Corporation**

*/s/ David A.P. Brower*
David A.P. Brower
136 Madison Avenue, 5th Floor
New York, NY 10016
T: (212) 501-9000
F: (212) 501-0300
Email: brower@browerpiven.com

***Lead Counsel for Lead Plaintiff and the Class***

---

[11] *See also Sewell v. Bovis Lend Lease LMB, Inc*., No. 09 Civ. 6548, 2012 U.S. Dist. LEXIS 53556, at *21 (S.D.N.Y. Apr. 16, 2012) ("The fact that the overwhelming majority of class members have neither objected nor opted out weighs in favor of [the] settlement"); *AOL*, 2006 U.S. Dist. LEXIS 17588, at *36 (opt-outs amounting to less than 0.2% of the putative class members weighed in favor of settlement); *In re Sumitomo Copper Litig*., 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (fact that fewer than 1% of class members requested exclusion strongly favored approval of the settlement).

[12] Lead Counsel will submit a final version of the agreed upon Final Order and Judgment of Dismissal in the form annexed as Exhibit C to the Stipulation shortly in advance of the Settlement Hearing now scheduled for December 18, 2019, properly completed to reflect events referenced therein that have occurred since entry of the Preliminary Approval Order, as well as to account for the fact that there are no, timely or otherwise, objections or requests for exclusion from the Class.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2019, I served true and correct copies of Lead Plaintiffs' Memorandum in Further Support of Final Certification of the Class, Final Approval of Class Notice, Final Approval of the Proposed Settlement, Final Approval of the Proposed Plan of Allocation, and Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Fees and Expenses of the Lead Plaintiff ("Memorandum") and Exhibits 1 and 2 to the Memorandum) on the Director Defendants' counsel by causing copies to be sent by the ECF system.

                                          */s/ David A.P. Brower*
                                          David A.P. Brower